### PROVINE v. PROVINE.  (No. 1366.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1914. Rehearing Denied Jan. 7, 1915.)

DIVORCE (§ 124*)—GROUNDS—CRUELTY.

In a wife's suit for divorce, a showing that during the two months the parties had lived together defendant did not buy her any clothes, though he once gave her $20, that he was out late nearly every night, without having any occasion to be absent from home, that he frequently came home under the influence of liquor, and then used rough language toward her, that he once said that he had been out with another woman, and that he accused her of misconduct with a former acquaintance and associate of hers, did not establish statutory grounds for a divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 392–398, 450, 455, 456; Dec. Dig. § 124.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action for divorce by Jeffie Provine against W. O. Provine. Decree for plaintiff, with personal judgment against defendant for attorney's fees, etc., and he appeals. Reversed, and judgment rendered, denying the divorce and setting aside the personal judgment.

J. W. Gross, of Bonham, and J. G. McGrady, of El Paso, for appellant. Cunningham & McMahon, of Bonham, for appellee.

HODGES, J. This is a suit for a divorce, instituted by the appellee against her husband. Upon the trial in the court below, in which special issues were submitted to the jury, a decree was rendered granting the divorce, and a personal judgment was awarded in her favor against the appellant for the sum of $460. This judgment included $125 as attorney's fees. One of the assigned errors is that the evidence was not sufficient to support the judgment granting the divorce.

Taking the testimony of the appellee as uncontradicted, it shows in substance the following facts: She and her husband were married on November 21, 1912, and lived together until the 26th day of the following January—a few days over 2 months. She married against her father's wishes, and was only 19 years of age at the time. After their marriage the couple went to Muskogee, Okl., to live. While there the husband worked at

a soda fountain in a drug store. She says that during the time they lived together he did not buy her any clothing; that while they were in Muskogee he was out nearly every night until late, without having any occasion to be absent from home; that he would frequently come home under the influence of liquor, and on some occasions would be drunk; that when drinking he used rough language towards her. He told her at one time that he had been out with another woman. During a visit they made to their parents at Honey Grove, he was out late on one occasion, and on his return informed her that he had been to the room of another woman. While in Muskogee he also accused her of misconduct with a former acquaintance and associate of hers. Shortly before their separation they determined to leave Muskogee and take up their residence in Paris, Tex. They purchased tickets to Paris, but when they arrived at Honey Grove the appellant got off the train and remained there over her objection. She went on to Paris, where she had a sister residing, and phoned to her father, who lived in Honey Grove. Both her husband and father came down that evening, and she returned with them to Honey Grove. She and her husband were together during that trip. They separated that night, and have not lived together since. She admits that he gave her $20 in money while on their way from Muskogee to Paris, but says that he bought her nothing in the way of clothing during the time they lived together.

We do not think these facts constitute statutory grounds for a divorce. There is no other evidence of cruelty or bad treatment on the part of the husband, such as would render their living together insupportable to the appellee. The accusation referred to, in which she was charged by her husband with improper conduct with another party, she admits was made when no others were present. She does not state what that charge was, nor does she say that it was untrue. Unfortunately, as the writer thinks, the habitual and excessive use of intoxicating liquors alone by the husband does not constitute a legal ground for divorce. Neither does his remaining away from home constitute a ground, unless it amounts to abandonment extending over a period of at least three years, or is such neglect as amounts to cruel treatment. The appellee does not say that she was left alone, or that she was neglected, or that she suffered any anxiety or inconvenience by reason of her husband's being out at night; neither does she charge him with that character of marital infidelity which would constitute legal grounds for a divorce. His failure to furnish her clothing certainly could not be regarded as improper treatment, in the absence of some evidence that she needed the clothing and that he was financially able to furnish it. They had only been

married a short time and there is nothing in the record to indicate that she needed for her comfort or convenience anything that was not supplied.

There are other questions presented in the appellant's brief; but, inasmuch as we think the divorce should not have been granted, these will not be discussed. The judgment of the district court will therefore be reversed, and judgment here rendered denying the divorce and setting aside the personal judgment awarded against the appellant in the court below.