Lem Billingsley, of Fort Worth, for appellant.

Reuben E. Senterfitt, Jr., of Lometa, for appellee.

**McCLENDON, Chief Justice.**

This is a divorce suit brought by the husband resulting in a judgment in his favor. The wife has appealed.

The wife did not appear at the trial under circumstances which we think constituted a valid excuse in law; but in view of our holding that the grounds for divorce were not established by "full and satisfactory evidence" (R.C.S. Art. 4632) we pretermit discussion of the issue of diligence.

**CALLENDER v. CALLENDER.**

No. 9295.

Court of Civil Appeals of Texas. Austin.

Dec. 30, 1942.

The petition alleged: Marriage on April 26, 1914, and living together as husband and wife until November 15, 1940, when the wife permanently abandoned the husband without cause. Five children were born of the marriage aged from 15 to 23 years. The grounds for divorce were alleged as follows:

"Plaintiff alleges that soon after his marriage to the defendant, that the defendant being unmindful of her marital vows, began a course of unkind, harsh and tyrannical conduct toward plaintiff; and that such conduct continued up until defendant left plaintiff as aforesaid; during all of which time defendant was continually quarreling at plaintiff over trivial matters which action on the part of the defendant caused plaintiff much mental pain and anguish which renders plaintiff much less efficient at his work.

"Plaintiff further alleges that the defendants conduct and action toward him in general, are of such a nature as to render their further living together as husband and wife insupportable."

The wife's answer denied these allegations, and set up facts constituting cruel treatment on the part of the husband, which, if true, would entitle her to a divorce, for which she prayed. In her verified motion for new trial she denied the allegations of her husband, reasserted her alleged grounds for divorce, and showed that such denials and grounds would be substantiated by testimony of her children living in the states of California, Missouri, and Washington, if she were given time to procure their testimony.

The court's findings relative to the grounds of the divorce read: " * * * that defendant has been guilty of many excesses towards plaintiff and that she has been guilty of immoral conduct and immoral relations with a man other than her husband; that the further living together of plaintiff and defendant as husband and wife is rendered insupportable by reason of the misconduct of defendant, and that all material allegations in plaintiff's petition are true and supported by the evidence."

The wife filed a motion, in which she excepted to these findings on a number of grounds and prayed for more specific findings, including the names of witnesses; in response to which the court filed additional findings, the pertinent portions of which read: "The plaintiff testified * * *

that he and defendant were married in the State of California in the year 1914; that after residing in said State for awhile, they then removed to the State of New Mexico and while in the latter state they began to have difficulties, which consisted of the defendant continually quarreling with plaintiff, being dissatisfied with his efforts and in many ways making life unpleasant for him until she finally left plaintiff and remained away from him a short time, during which time she was in the State of California. Afterwards he and defendant made up their differences and then soon moved to Richland Springs, in the State of Texas, where plaintiff now resides. That plaintiff is a painter and paper hanger by trade and that his work kept him away from home most all of the time. That while they were living near Richland Springs plaintiff would return home late in the evening from his work and defendant would quarrel with him, stating that she was dissatisfied with the living that he provided for her, refused to cook his meals and often did not give him anything to eat until as late as 10 o'clock in the night, at which time she often set him down a bowl of milk which was not necessary by reason of the fact that there was other food in the home and plaintiff has always provided a sufficient amount of food for reasonably liberal meals. That after plaintiff and defendant moved to the town of Richland Springs, a brother-in-law by the name of Cochran moved to the farm adjoining them and on many occasions when plaintiff would return to his home at night Cochran would be there; that the reason plaintiff began to question his frequent visits was that plaintiff had begun to suspicion the conduct of defendant and Cochran before they moved away from the State of New Mexico where he had learned that at the time defendant left him she had gone to the State of California and had visited said Cochran. That plaintiff often questioned defendant with reference to the conduct of herself and brother-in-law, Cochran, defendant denying that there was any improper conduct between them. That plaintiff was strongly suspicious of said brother-in-law for the reason that he had had similar trouble as between said Cochran and his two daughters. That subsequently upon questioning Cochran as to said conduct, said Cochran finally, by letter, admitted to him the misconduct of himself and defendant. That immediately preceding the

separation of plaintiff and defendant, plaintiff was engaged in his work at Brownwood, Texas, and upon returning home he found that defendant had disposed of all the livestock, with the exception of two or three head of hogs, being some cattle and some hogs, which property at the time was mortgaged to secure the payment of $180.00 and defendant refused to account to plaintiff for the proceeds of the sale of said property, but was angry with plaintiff and by reason of his past experiences and the misconduct of defendant toward him, he separated from her." And further: "The court further finds from the evidence, especially the evidence hereinbefore mentioned, that the further living together of plaintiff and defendant as husband and wife is rendered insupportable."

 Sufficiency of the evidence to meet the statutory requirement that it be full and satisfactory is discussed with citation of supporting decisions in 15 Tex.Jur., pp. 547-557, §§ 84-89. It is there pointed out that society has an interest in the maintenance of the marital status or contract in addition to that of the spouses; consequently " the courts will scrutinize the evidence upon which a decree is based, and apply a different rule than that obtaining in other civil cases."

The uncorroborated testimony of the complaining spouse has frequently been held insufficient to support the decree (Id. p. '553 and note 15) ; and this especially so "where defendant has denied the wrongful allegations". (Id. p. 553 and note 16).

There are two outstanding considerations upon each of which we predicate our above holding.

The first of these relates to the evidence of immoral conduct on the part of the wife and the court's findings thereon. It is manifest from the latter that the court based its judgment thereon, at least in part. This evidence should not have been admitted or considered for the following reasons: In the first place there was no intimation in the petition of immoral conduct or want of chastity; and since the wife was not present or represented at the trial, the husband should not have been permitted to impugn her chastity. The testimony should have been confined to the allegations of the petition. In the second place the testimony not only came from the husband alone, without corroboration directly or indirectly, but other than the general statements of suspicion on his part it was pure hearsay evidence: "Cochran finally, by letter, admitted to him the misconduct of himself and defendant." Comment is not necessary upon this character of evidence upon a subject of such vital and paramount importance to every woman—her chastity.

The second consideration is that it is manifest that the case was not fully developed in that the only evidence before the court was the uncorroborated testimony of the husband; whereas the record shows that this testimony could and would have been disputed both by the wife and some of her children, had she been given the opportunity to present it.

The above rule that the evidence must be full and satisfactory is applicable to the appellate as well as to the trial courts and the former "in a proper case may and should revise the judgment not only as to the law but also as to the facts of the case." Id. p. 555 and note 7. With all deference to the trial court's judgment, we feel it our duty to exercise our jurisdiction in this respect under the record before us.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.