FINN v. FINN.

No. 13589.

Court of Civil Appeals of Texas. Dallas.

Jan. 5, 1945.

On Rehearing Feb. 2, 1945.

G. H. Crane, of Dallas, for appellant.

Bonney & Paxton, M. M. Wade, and Chas. S. McCombs, all of Dallas, for appellee.

BOND, Chief Justice.

This is a divorce suit instituted by the wife, alleging that her husband, "disregarding the solemnity of his marriage vow and his obligation to treat plaintiff with kindness and attention and, within a few years after said marriage, commenced a course of harsh and tyrranical conduct toward plaintiff, which continued, with very slight intermission, until plaintiff finally separated from defendant on or about the 14th day of November, 1943. On divers occasions, while plaintiff lived with defendant as aforesaid, defendant was guilty of excesses, cruel treatment and outrages toward plaintiff of such a nature as to render their living together insupportable; that a few months before plaintiff and defendant separated, the defendant, without any cause whatsoever, nagged and fussed at plaintiff; that defendant, without cause, continuously fussed and nagged at plaintiff; and plaintiff and defendant have no common interests."

It will be observed that the allegations are within the language of the legislative enactment, consisting generally of fussing and nagging. The acts of cruelty are not specifically stated so as to enable the court to determine whether they con-

stitute excesses, cruelty and outrages, as contemplated by the statute. "Fussing and nagging" are insufficient allegations on which to base a divorce. The acts of cruelty must be specifically stated to render the petition sufficient to meet attack as being fundamentally erroneous. General allegations of excesses, cruel treatment or outrages are mere conclusions of the pleader. Allegations that the defendant cursed and abused the plaintiff unmercifully or abused the latter severely (Claunch v. Claunch, Tex.Civ.App., 203 S.W. 930); that the plaintiff slandered defendant and told a certain person that the defendant was leading an immoral life (Denning v. Denning, Tex.Civ.App., 99 S.W. 1029); that the husband accused the wife of theft (Nogees v. Nogees, 7 Tex. 538, 58 Am. Dec. 78), or that the husband charged the wife with unchastity or adultery (Bingham v. Bingham, Tex.Civ.App., 149 S.W. 214), and many other general allegations not followed by specific charges, are insufficient.

 Moreover, the evidence, to warrant a decree of divorce, must of course be introduced. The trial court should refuse to grant a divorce where the evidence fails to establish cruelty or other grounds enumerated in the statute. The statute is plain, leaving no judicial discretion to be exercised, other than a determination of the sufficiency of pleadings and evidence to warrant the decree. Vernon's Ann.Civ.St. art. 4629. The statute should be strictly construed. When the lawmaking power has determined the policy with respect to and has specified the ground upon which divorce is authorized, it remains but for the judiciary to enforce the legislative will. The validity of the marriage relationship is the substructure upon which the peace, happiness and perpetuity of society depends. Courts are not at liberty to permit sympathy for the unhappy condition in which a couple has become engulfed, because of imperfections of temper or difference in religious views, to control their judgment. Courts must take the plain provisions of the statute and the well-established course of court decisions as their guide. In this case, the evidence is little more specific than the pleadings. Plaintiff testified that defendant "usually came home drinking or drunk, and he was always fussing at me when he would get tight. * * * Usually because he was tight maybe what I did didn't please him. * * * Q. Do you recall any fussing

about the baby? A. Yes, sir. Q. What was that about? A. Well, he didn't make her mind and children have to be disciplined, and he objected to me correcting her like the things she did." This is the extent of her grievances. Evidently, the related fussing and discipline of their minor child are not the foreboding of an unhappy future for themselves and their children. The husband and wife are of different religions—he a Jew and she a gentile; they lived in the home of the wife's mother and, according to the record here presented, the wife's family attempted to interpose their religious views upon the husband in an effort to change his religious faith. Evidently that could not be accomplished; thus, as plaintiff alleged, "plaintiff and defendant have no common interests." Appellant raises the issue of fundamental error in pleadings and proof —judgment should have been rendered for the defendant. Evidently the pleadings and evidence are insufficient, hence it becomes the duty of this Court to render such judgment as should have been rendered by the court below, that plaintiff take nothing by her suit; it is so ordered.

Reversed and rendered.

### On Rehearing.

On motion for rehearing appellee concedes fundamental error in judgment favoring divorce for the parties, justifying a reversal of the cause; but insists that a remand to the court below for retrial should have been entered by this court, rather than judgment rendered in favor of appellant.

 It is the province of this court on records of appeals to render such judgment as should have been rendered in the court below, where the pleadings and evidence conclusively show that the case has been fully developed and that no other judgment, than that rendered by this court, could be entered by the court below on another trial. The suggestion is made that a "full and complete" showing of "excesses, cruel treatment and outrages" by appellant toward appellee, of·such nature as to render their further living together in-. supportable, was not presented in the trial of the case, but could and would be shown in pleadings and proof on another trial. It is also suggested that the parties have "no common interest" in living together in marriage relation; that each realizes their further living together is insupportable,

and that a mutual understanding is evident that it would be to the best interest of the two spouses and their minor daughter that a divorce be granted. We have no way to challenge the suggestions, and will not presume that on another trial legal cruelty will not be shown as to justify the divorce.

In remanding the cause, we do not recede from our conclusion expressed in the opinion, and, without reference to the facts in this case, make the following observation on the evils of the day in granting divorcement on insufficient pleadings and proof. The petition and evidence, of course, should show specifically the acts complained of, before a divorce is granted. The remedy of divorcement is dependent upon the sovereign will; and it does not exist except by grant, in express terms or implication equally plain. The Legislature has determined the policy and specified the grounds upon which divorces are authorized; it but remains for the judiciary to enforce the legislative will. The marriage relation is one in which society and the State are vitally interested. The parties are denied any right to divorce except in the instances provided for by law; and proof to establish the grounds relied upon should be full and complete, giving details of the act or acts causing the separation. The mere fact that one spouse "does not want" the other, and confirms the attitude by acts and consent; that the one differs with the other in religious affiliation and cannot, or will not, become reconciled to a unity of faith, and that the two spouses wish the decree and connive together to obtain it, have been declared to constitute no grounds for divorce.

The importance of the marriage relation should be borne in mind in granting divorces; not every "fuss" or "quarrel," or the over-indulgence of either of the spouses in alcoholic beverages, or the occasional betting on games of chance, afford a ground for divorce. Nor will an occasional outbreak of temper, or conduct which is the result of sudden passion. The acts and conduct of the guilty party should be such as to justify a legal conclusion that the ill-treatment toward the injured party was such as to render their living together insupportable. Indeed, the acts of "fussing," "drinking" and "gambling," as claimed against appellant, if true, are not commendable or conducive to good marital relations; especially so where the other spouse, not guilty of like offenses, finds such conduct abhorrent. "Fussing," as well as "drinking" and "gambling," are general terms of misconduct; but, unless they were directed to, or affected the other party in a manner to be injurious to her health or sense of pride, same would not justify a divorce. Then, too, an aggrieved party cannot be guilty of like offenses, and then urge misconduct against the other as grounds for divorce. We recognize that it is impossible to lay down any precise rule by which to decide whether a given state of facts discloses legal cruelty. However, it is settled that the cruel treatment must affect the aggrieved spouse directly and personally, as well as produce a degree of mental distress which threatens to impair the health of the injured party.

The prevailing laxity of the courts in failing to enforce the express will of the Legislature is indeed regrettable. The divorce evil, granted without legal grounds, is manifestly undermining the social institution of marriage, a sacred status of man and woman recognized by all Christian countries to be of divine origin. The marriages, modestly termed "fly-by-night" or "companionate" marriages, entered into by contracting parties, without thought or "care-not" of the solemnity of the occasion and the obligations made, are pernicious to society at large, and are, in our opinion, the direct and proximate cause of the abhorrent divorce evil; and for this condition, or state, to be lightly considered and the bonds of matrimony dissolved for slight cause, or none at all, in derogation of the legislative will, is, in effect, condoning the evil of marriages entered into on the spur of the moment. The state, or society in general, has an interest in marriage contracts and divorce cases, and for that reason courts will scrutinize the pleadings upon which a divorce is predicated, and to such apply a more stringent rule than to that of other civil cases. Defects in pleading and insufficient allegations are not waived as against general demurrer, as is provided by Rule 90, Texas Rules of Civil Procedure, in other cases.

In the light of appellee's motion that specific acts of legal cruelty, as to make appellee's living with appellant in marriage insupportable, can and will be available in pleadings and proof on another trial, we sustain the motion, set aside our judgment denying the divorce, and remand the cause to the court below for another trial.

Reversed and remanded.