## ROCHA v. ROCHA.
### No. 9488.

Court of Civil Appeals of Texas. Austin.

Feb. 7, 1945.

W. R. Smith, Jr., of Austin, for appellant. No briefs filed for appellee.

McCLENDON, Chief Justice.

Divorce case. The appeal is by the husband from a decree granting a divorce to the wife upon her cross-bill, the suit having been originally instituted by the husband.

The appeal is predicated upon a single point of error to the effect that the evidence was not sufficient to support the wife's asserted grounds for divorce under the rule that the evidence must be "full and satisfactory" (R.C.S. Art. 4632), since the only supporting evidence was the uncorroborated testimony of the wife which the husband denied.

No brief has been filed for the wife.

The parties were married July 20, 1935 and had two children, a girl and a boy, aged 8 and 4 years, respectively, at the date of the trial, October 6, 1944. They had separated a number of times, beginning shortly after their marriage, the last separation being in September, 1943. They had frequent quarrels in which both participated, each ascribing the blame primarily, at least, to the other. The wife testified to three acts of physical violence on the part of the husband. One of these consisted of his putting her out of his car and leaving her on the public road. This occurred early in their married life and was admitted by the husband. However, he explained that at the time he was fleeing from the officers who were attempting to arrest him for bootlegging, and he did not want his wife to be arrested with him. The other acts consisted of slapping her on two occasions approximate dates not given. The husband admitted that he slapped her once, but under the excitement of extreme provocation. The husband's suit was filed November 27, 1943; the wife's cross-bill June 23, 1944. The grounds of the husband's petition consisted solely of a formal allegation of cruel treatment in the abstract. July 18, 1944, he filed an answer to the cross-bill, in which he alleged in substance that: He had always loved his wife, treated her kindly and provided for her. Their "arguments and troubles" had been of a trivial nature, the "usual and customary and ordinary misunderstandings that exist between husband and wife." They had been separated on several occasions for short periods but had "returned to each other and successfully lived together as husband and wife very happily." On numerous occasions since the last separation he had asked her "to return to his home where he will make a happy home for his wife and two minor children." At the time he filed his suit he thought there could be no reconciliation, but as time passed he reached the conclusion that such was not the case, and for that reason he did not prosecute his suit.

The decree was dated August 18, 1944, in which the husband took a non-suit.

The rule with reference to the necessity for corroboration of the testimony of one of the spouses in order to support an action for divorce is considered with citation of authorities in 15 Tex.Jur., pp. 552-554, § 87. Under some circumstances, not applicable here, divorces have been granted upon the uncorroborated testimony of one of the spouses. The general rule, which seems to be well established, is that when the other spouse denies the charges, and where, if true, corroborating evidence of the charges might be available; such uncorroborated testimony is not sufficient.

And, as stated in Callender v. Callender, Tex.Civ.App., 167 S.W.2d 800, 802:

"The above rule that the evidence must be full and satisfactory is applicable to the appellate as well as to the trial courts and the former 'in a proper case may and should revise the judgment not only as to the law but also as to the facts of the case.'" Citing 15 Tex.Jur., p. 555 and note 7.

After careful consideration of the entire testimony, we have reached the conclusion that the test of sufficiency of the evidence laid down in Art. 4632 has not been met in this case. It is hardly probable that if the husband's conduct toward the wife was of such a serious and unprovoked character as to warrant a divorce, the latter's version thereof could not be corroborated sufficiently to warrant its acceptance; the case was evidently not developed in this regard. And since we are remanding it for a new trial, we pretermit a more detailed review of the evidence.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.