## COHEN v. COHEN.

### No. 9554.

Court of Civil Appeals of Texas. Austin.

April 24, 1946.

See, also, Tex.Civ.App., 181 S.W.2d 915.

Kathryn B. Cohen, pro se.

Smith & Pollard, Harry S. Pollard, and W. R. Smith, Jr., all of Austin, for appellant.

Carrington, Gowan, Habberton, Johnson & Walker, of Dallas, and Simon & Simon, by Richard U. Simon, all of Fort Worth, for appellee.

BAUGH, Justice.

Appeal is from a judgment granting a divorce to the husband on the ground of "excesses, cruel treatment and outrages" of the wife; partitioning separate and community property; and appointing a receiver to sell property incapable of partition in kind.

Suit was filed by the husband in Dallas County, on June 29, 1945, non-residence notice, with copy of petition attached, issued to and served upon the wife, appellant here, in Los Angeles County, California, where she resided, on July 17, 1945, returnable 20 days after date of service. Hearing was had and judgment entered on August 23, 1945. On August 31, 1945, Mrs. Cohen, for herself, filed a lengthy verified motion for rehearing; and on September 22, 1945, filed an amended motion for new trial, to which was added another paragraph on October 2nd. These motions were considered by the trial court on October 11, 1945, and disposed of by order of that date. The court held that the original motion was overruled by operation of law at the expiration of 30 days from the filing thereof, because not called to the court's attention; and the amended motion was held for naught because not filed within 20 days of the filing of the original motion. In the court's order, however, it is recited that on the 21st of September, "the case was passed" at defendant's request.

Appellee contends that the appeal is from a default judgment, and that to entitle appellant to any relief she must show 1. A legal excuse for failure to appear and defend; 2. A meritorious defense; and that she failed to discharge this burden. Sneed v. Sneed, Tex.Civ.App., 296 S.W. 643; Lowery v. Lowery, Tex. Civ.App., 136 S.W.2d 269. We have concluded, however, under the record presented to us, that the court should have considered the grounds presented in the original and amended motions for a new

trial; and should not have disposed of them by operation of law, and apparently without considering any of the grounds set up in said motions. In the order disposing of said motions it is recited that on September 21st, less than 30 days after the original motion was filed, "at defendant's request the case was passed." Obviously there was nothing in the case which could be "passed" except the motion for rehearing. Next day an amended motion was filed, which apparently was first set for hearing on October 4th, and hearing then postponed to October 11th, to suit convenience of counsel, and then acted upon. The conclusion is thus inescapable, we think, that such motion was seasonably called to the attention of the court, and the court's action thereon was tantamount to postponement of consideration thereof to a subsequent date. Under such circumstances it should not be held to have been overruled by operation of law on the ground that it was not presented to the court within 30 days from the date of its filing.

The general rule as to sufficiency of pleadings and quantum of proof applicable to civil cases generally does not apply to divorce cases in this state. The statute itself, R.S. Art. 4632, governs in such cases, and provides that such decree be granted only "upon full and satisfactory evidence," whether the defendant shall have answered or not. Hartman v. Hartman, Tex.Civ.App., 190 S.W. 846; Swartz v. Swartz, Tex.Civ.App., 76 S.W.2d 1071; Ivy v. Ivy, Tex.Civ.App., 177 S.W.2d 237. Consequently the defendant, even though she did not appear and answer, may raise the issue of the insufficiency of the evidence to meet the statutory burden of proof by motion seasonably filed. And in such case the appellate court, though it cannot pass upon the credibility of the witnesses, may determine for itself whether the testimony in question meets the statutory burden. Callender v. Callender, Tex. Civ.App., 167 S.W.2d 800; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240; Rocha v. Rocha, Tex.Civ.App., 185 S.W.2d 499; 15 Tex.Jur., § 89, p. 555.

In the instant case the divorce was granted on the uncorroborated testimony of the husband alone. Without setting out or summarizing that testimony here, it is obvious that some of it consists of mere conclusions of the witness, or was based upon hearsay. It could, if true, have been readily corroborated by other witnesses or by documentary proof. While the decisions of the several Courts of Civil Appeals appear to be at variance on whether the uncorroborated testimony of one spouse is sufficient to meet the statutory burden of proof, the views of this court on that question are expressed in the Callender and Rocha cases, supra. And as stated in the Callender, [167 S.W.2d 802] case particular scrutiny of such uncorroborated testimony should be made "where defendant has denied the wrongful allegations." And the same rule should, we think, apply where the defendant has not had an opportunity to appear and testify.

On August 18, 1945, prior to the entry of judgment herein, appellant's California attorney wired the District Clerk of Dallas County, as follows: "Re Cohen 92225-D same plaintiff commenced action for divorce in Superior Court State of California in 1942 against same defendant and Mrs. Cohen filed cross complaint and obtained interlocutory judgment in her favor and case now on appeal in District Court of Appeal here [166 P.2d 622]. Mrs. Cohen is without funds and has had no opportunity to contract a lawyer in this new suit stop Can you prevent default being entered and obtain an order from the presiding judge extending the time of defendant for thirty days in which to appear in the action for purpose of abating same, since same action has already been tried and is now pending on appeal in State of California. Please advise me by return wire collect."

It is not shown whether this telegram was ever called to the attention of the trial court prior to the August 23rd hearing. And on August 24, 1945, the same attorney wrote the District Judge at Dallas, advising him at some length of the efforts of appellant to be represented in the suit in Dallas County, and also of the pendency of the suits, hereinafter discussed, in California, between the same parties involving

the same subject matter, the judgments rendered therein, and the then status thereof. All of these matters were contained in the motions for rehearing, together with copies of the various pleadings, the judgment in the California suit, the notices of appeal therein, and the verified information that such appeal was pending when the instant case was tried.

The motion for new trial showed the following: Joseph Cohen filed suit in the Superior Court of California on March 26, 1942, against the appellant for divorce and alleged that all the property then on hand was his separate property. On June 3, 1942, the defendant, appellant here, answered denying the wrongful acts charged; asserting that the property described in plaintiff's petition, along with other property, was community property; alleged acts of cruelty to her by Joseph Cohen; and prayed for alimony pendente lite, attorney's fees, etc. On June 13, 1942, Joe Cohen filed an answer to such cross plea, again asserting that all the property involved was his separate property; and on April 29, 1943, by supplemental complaint, set out numerous detailed instances of outrages, cruel treatment, malicious conduct, etc., by appellant during the year 1942 and up to April 10, 1943. On October 7, 1943, Kathryn Cohen filed an answer to said supplemental complaint and by cross action prayed that she be granted a divorce on grounds of desertion. That case was tried in October 1943, but judgment was not rendered until March 14, 1944. The court filed findings of fact and conclusions of law, wherein it found that none of the property involved was the separate property of Joe Cohen, but that all of it was either community property or jointly owned by Kathryn Cohen and Joe Cohen; denied Joe Cohen any relief, but granted an interlocutory decree of divorce to Kathryn; awarded her judgment for $7732.50 as the value of her one-half of the community property; $2500 as attorney's fees; and $200 per month for maintenance. From that judgment Kathryn appealed, and her appeal was still pending and undetermined in the California Court when the instant case was tried in the Dallas County District Court.

We have made a careful comparison of the allegations of the supplemental complaint filed by Joe Cohen in the California divorce suit, and those made in his petition in the instant case. The pleadings in the California Court were much more extensive and specific than in the instant case, but we think it clearly appears that substantially the same, if not the identical grounds were relied upon in both cases. In fact, the only specific instances of outrageous conduct by Kathryn Cohen pleaded in the instant case were also pleaded in the California case. And as to the property involved, at least a part of it (the exact amount we are unable to determine) was also involved in the California case; and it is not clear whether the judgment of the California court, in so far as it relates to such property as was involved in both suits, has become final or not.

Thus there is presented the question of whether or not the judgment of the California Court, in so far as it adjudicates the same issues between the same parties, is res adjudicata of those issues in the Texas Court. The general rule is that the mere pendency of such a suit in one state will not be grounds for abating a suit in another state between the same parties and involving the same subject matter. 1 Am.Jur. § 39, p. 42, and numerous cases cited thereunder. This rule is stated in 1 Tex.Jur., § 82, p. 113, to be applicable in Texas and some of the cases so hold. Trinity Universal Ins. Co. v. DeMartini, Tex. Civ.App., 118 S.W.2d 901, and notes under Tex.Jur. text. However, there are Texas decisions to the contrary. See Wade v. Crump, Tex.Civ.App., 173 S.W. 538; Brand v. Eubank, Tex.Civ.App., 81 S.W. 2d 1023. Where a final judgment has been rendered, however, in another state by a court of competent jurisdiction between the same parties and on the same subject matter, under the rules of comity the courts of Texas should, absent any plea of fraud or other equitable grounds warranting a contrary course, give full faith and credit to such judgment. And so far as Joseph Cohen is concerned the grounds asserted by

him for divorce in the California case were adjudicated against him from which he did not appeal; and the only specific grounds alleged in the instant case which, under the rule of full and satisfactory evidence, would sustain a judgment, were also specifically alleged by him in the California suit.

██ Appellee contends, however, that the judgment against him in the California suit will not sustain a plea of res adjudicata against a subsequent suit on grounds of cruelty occurring after the date of the former judgment. This is undoubtedly a correct statement of the law; but, as above indicated, neither the pleadings nor the proof in the instant case allege or show any such subsequent grounds which would warrant a decree of divorce; but on the contrary, show substantially the same grounds formerly adjudicated in the California judgment. And as to the cross action of Kathryn Cohen in the California case, so far as shown by this record, it is still pending in that case.

Having reached the conclusion that the cause should be reversed on the divorce issues, it becomes unnecessary for us to consider the property partition based upon such divorce. Nor are we to be understood as holding that the pendency of the California suit, if it is still pending, will sustain a plea in abatement in the instant case. It may, as was held in Evans v. Evans, Tex.Civ.App., 186 S.W.2d 277, 278, a very similar case to that here presented, be considered as an application for a "stay of proceedings" in the Texas Court; and as thus calling for the exercise by the Texas Court of its discretion in the light of all the facts and circumstances then shown to exist. The motions of appellant, overruled without consideration of their merits, clearly invoked the exercise of such discretion of the trial court.

For the reasons stated we conclude that the trial court erred in overruling and holding for naught appellant's motion and amended motion for new trial. The judgment is therefore reversed and the cause remanded for another trial.

Reversed and remanded.