**FINN v. FINN.**

**No. 13673.**

Court of Civil Appeals of Texas. Dallas.

May 17, 1946.

Rehearing Denied June 14, 1946.

Ely Straus, of Dallas, for appellant.

McCombs & Hall, of Dallas, for appellee.

YOUNG, Justice.

This is a second appeal; see Tex.Civ. App., 185 S.W.2d 579. Upon trial to the court, Mrs. Finn was again awarded a divorce on grounds of cruelty, together with custody of minor child, Yetta, aged five, and support for the latter at $9 per week; defendant being allowed definitely timed right of visitation.

Plaintiff's allegations of cruelty need not be detailed as they are sufficiently reflected in a summary of her testimony hereinafter shown. The parties were divorced in June 1938 on petition of appellant, remarrying shortly thereafter, the present separation having continued since November 1943.

On first trial of the present cause there were no charges of personal violence, while here are presented both allegations and testimony of defendant's gratuitous assault on a specified occasion. Appellant introduced in evidence the pleadings in the first suit, likewise offering the earlier testimony of Mrs. Finn to substantiate above-mentioned variance in allegations and proof had upon the two trials; which proffer of evidence was rejected as shown by bill of exceptions, tr. pp. 24, 25. In this connection his points of appeal should be stated: (1) The court's error in excluding plaintiff's former testimony relevant for purpose of impeaching the present record testimony of Mrs. Finn on which divorce was granted; (2) insufficiency of evidence adduced by petitioner to support the judgment, in that same was not corroborated in any instance; (3) that the "full and satisfactory" requirement of the statute (Art. 4632) was not complied with because of said lack of corroboration; and, similarly, plaintiff's testimony as a whole was such as to arouse suspicion, "in that in the former trial she did not testify that defendant Edward J. Finn struck her or committed any acts of violence upon her or threatened her; whereas, in the present trial before the same court, she testified that the defendant did strike her and commit acts of violence upon her and threaten her, but she did not corroborate such testimony by other evidence as to matters which might have been shown, and, if true, would have been sufficient to entitle plaintiff to a divorce." We overrule appellant's points complaining of refusal to admit the testimony of plaintiff on previous trial for purpose of impeachment, no predicate therefor having been laid. Acker v. Thompson, Tex.Civ.App., 128 S.W.2d 852. On former appeal undisputably there was no evidence of physical violence, the detail thereof by Mrs. Finn simply appearing in the present record as new matter. However, such former testimony presented in said bill of exceptions was obviously material, tending as it did to weaken Mrs. Finn's later claim of personal violence. But Judge Bush presided at both trials and was judicially cognizant of the particular matter, whether included in this record or not. Both the trial court and this court will take judicial knowledge of the previous record in the respects complained of. 17 T.J., sec. 27, pp. 201–203; DeWitt v. Republic National Bank, Tex. Civ.App., 168 S.W.2d 710.

On the merits we find in appellee's reply brief a fair summary of the testimony in support of judgment. Evelyn Finn testified that Edward drank all the time and did not support her; that he came home drunk nearly every night and brought a bottle with him; that while he was drunk he was very offensive; that he argued and fussed with her, cursed her, using all sorts of ugly words, among them "bitch," "son-of-a-bitch," and "God-damning" her; that this embarrassed and shamed her, particularly when he did it in the presence of their infant daughter and that she felt "awful" when he was God-damning this and that while drunk and in the presence of her little daughter; that he threatened to kill her on several occasions; threatened that he would punch her eyes out; that these threats were on various occasions and that he frightened her; that he hit her when she inquired where he had spent the night; that he hit her with his doubled fist so hard as to stagger her and to make her eye black and blue for a week, causing her great pain and suffering and great embarrassment; she testified that he was employed at from $65 to $85 a week, but that he generally gave her about $2 of this and sometimes $5 to buy groceries for the entire family, and that frequently she was without any food whatever in the house; that out of the money he did not give her, he bought liquor and was a gambler; that because of his failure to pay the rent she was greatly embarrassed and ashamed; that he stayed out all night frequently and did not give her any explanation as to where he had been; that when he threatened to kill her she believed it, and that it scared her; that he was a man in the prime of life and in good condition and could have easily executed his threat; that he was neglectful of his child; that he was dirty, offensive about his personal habits and was an infrequent bather; that he told

her he hated her, and that all of these things made further living with him insupportable.

On the other hand, Edward Finn gave categorical denial to all charges of cruelty and untoward behavior, with numerous witnesses in support. He expressed love for his wife, indicated that interference on part of her family (principally mother-in-law) was the cause of separation. In this connection we note that plaintiff's narrative on first appeal as regards defendant's ill treatment and habits of drinking was corroborated by two sisters and a brother; while here her only supporting witness was the father, testifying mainly to an extended altercation with defendant.

■ Variant as these two court records may be, the truth concerning marital differences between petitioner and husband is to be found somewhere in the diametrically opposite contentions of the parties themselves; whose testimony, as to weight and credibility, was for determination by the trial court, Art. 4633. Appellant recognizes the general rule that corroboration is unnecessary to establishment of judgment, but argues that the requirement of "full and satisfactory evidence" (Art. 4632) in support of a divorce is not met when other testimony, relating for instance to personal violence and threats, is available and not produced; referring principally to the statement of plaintiff's sister-in-law on previous trial that "there was nothing like that going on"; to the testimony of plaintiff that all the family saw her black eye; and that her only explanation relative to generalities of pleading on former appeal was that "she had different attorney then.". While this court has observed in Tinnon v. Tinnon, Tex.Civ.App., 278 S.W. 288, 291, that it is not ordinarily safe to rely upon testimony of the complaining party if other evidence can be produced, yet we there held that the full and satisfactory requirement of Art. 4632 is not a limitation upon the legal effect that should be given the testimony of parties to a divorce suit; and that the trial court is not to be inhibited from "accepting the testimony of either one of the interested parties as measuring up to the requirements of said statutory provision for the purpose of granting the decree of divorce, although uncorroborated."

■ In view of above statutory language, the various holdings that a divorce may not be granted upon testimony of one spouse when the other specifically denies the wrongful acts, must, at least, be restricted to the facts of those particular cases; e. g., McCullough v. McCullough, Tex.Civ.App., 20 S.W.2d 224; Lawson v. Lawson, Tex.Civ.App., 293 S.W. 336; Blake v. Blake, Tex.Civ.App., 263 S.W. 1075; Callender v. Callender, Tex.Civ. App., 167 S.W.2d 800; Rocha v. Rocha, Tex.Civ.App., 185 S.W.2d 499. In the instant suit, however, and as between the principals to this marital venture, it is obvious through 162 pages of testimony that the controversy has been fully developed, the court's ruling dependent entirely upon which party is to be believed, from observation of witnesses, their demeanor and deportment upon the trial. And where the testimony of parties is full, though sharply conflicting, the generally accepted rule is that (1) we must accept the trial court's decision upon the point, as we possess no power to pass upon the credibility of witnesses and the weight to be given their testimony; Mortensen v. Mortensen, Tex. Civ.App., 186 S.W.2d 297, 305, Moon v. Moon, Tex.Civ.App., 186 S.W.2d 362; and (2) considering the wide descretionary powers of a trial judge in matters of divorce, their determination that the testimony is clear and satisfactory in a given case will not be disturbed by an appellate court, absent a showing of clear abuse of power, Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184, citing authorities.

■ Here, an experienced and conscientious judge has resolved the controlling issue in plaintiff's favor under testimony which, if given credence, entitles her to a divorce; and the consequent judgment to such effect must be affirmed.

As generally applicable to both of these appeals (Tex.Civ.App., 185 S.W.2d 579), the divorce petition being granted on statutory cruelty, we deem it proper to restate the following from McCullough v. McCul-

lough, 120 Tex. 209, 36 S.W.2d 459, 462: "* * * that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded. * * *" And "that the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife."

Affirmed.