## SWANSON v. SWANSON.

### No. 4661.

Court of Civil Appeals of Texas. El Paso.

Nov. 30, 1949.

Rehearing Denied April 5, 1950.

See also 228 S.W.2d 156.

844

·Milburn, Milburn & Milburn, Odessa, for appellant.

Downey & Parr, Odessa, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the district court of Ector County. The trial was before the court without a jury, and resulted in a judgment in favor of

plaintiff, Pearl E. Swanson, granting her a divorce and decreeing a division of the community property; also awarding to plaintiff the custody of the minor child born of the marriage. We heretofore dismissed this case on the ground that the transcript showed no notice of appeal. On motion of appellant attaching certified copy of notice of appeal given in the trial court we reinstated same.

■ On the trial of this case defendant withdrew his cross action and insofar as the grounds of divorce stated in plaintiff's petition did not testify. He was called to the stand by plaintiff and cross examined as to issues arising as to the property rights of the parties. He was briefly examined by the court, but only in regard to property rights. The transcript fails to show that defendant took any exception to the judgment entered. He made demand that the court make and file findings of fact and conclusions of law. The court complied with this demand. Appellant in the trial court made no exceptions to these findings and did not move for different or additional findings. There does not appear in the transcript a motion for a new trial, and we presume no such motion was filed.

Plaintiff's pleadings as to being an actual bona fide inhabitant of the State for a period of twelve months and as to residence in Ector County was as follows: "That plaintiff is a bona fide inhabitant of the State of Texas and has resided in Ector County in said State for more than one year next prior to the filing of this petition."

Article 4631, Vernon's Ann.Civ.St. provides in part as follows: "No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where such suit is filed for six (6) months next preceding the filing of same."

The only evidence as to this allegation is given by the plaintiff and is as follows:

"Q. Where do you reside? A. 107 North Jackson St., Odessa, Texas.

"Q. How long have you resided in Odessa? A. All together?

"Q. Yes. A. Around ten years.

"Q. Is that the last ten years? A. Yes."

She further stated that the last time she and appellant were married was June 6, 1948. She likewise introduced in evidence a judgment of the District Court of Ector County dated the 13th day of February, 1948, granting her a divorce from appellant. The only evidence as to her bona fide inhabitancy in the state was her testimony that she had resided in Odessa for the ten years last past. This testimony in and of itself did not establish bona fide inhabitancy. The decree of divorce dated the 13th day of February, 1948, may have been sufficient to establish that she was a bona fide inhabitant of Ector County at the time of the rendition of said divorce and had been such for a year prior thereto. The divorce decree of February 1948 so introduced by her would hardly have been granted unless she has proved she was a bona fide inhabitant of Ector County. If she had resided in Ector County for the ten years last past and was a bona fide inhabitant thereof for the year next preceding before February 13, 1948, she had been a bona fide inhabitant of Ector County for more than a year next prior to the granting of the decree herein. In its judgment the court finds that the material allegations of plaintiff's petition are true and correct and that she is entitled to a divorce.

■ In regard to the grounds of divorce alleged by plaintiff the court found as follows: "That defendant is guilty of cruelty and excesses toward plaintiff."

There appears in the conclusions of law the following: "That the plaintiff is entitled to a divorce from defendant."

The remainder of the Findings of Fact and Conclusions of Law are as to the character of the property on hand at the time of the trial. All was found to be community property. It is thought that the evidence is sufficient to show that plaintiff was qualified to obtain a divorce in Ector County. There can be no question that under the provisions of Article 4631, V. A.

C. S. that she must have been an actual bona fide inhabitant of this State for a period of twelve months at the time of exhibiting her petition. The lack of this averment has been held by our Supreme Court not to be jurisdictional but prescribes qualifications of plaintiff in order to obtain divorce. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. Before the new Rules of Civil Procedure went into effect the lack of this allegation in plaintiff's petition was held to be fatal to the judgment. Motes v. Motes, Tex.Cr.R., 229 S.W. 342; Strunc v. Strunc, Tex.Civ.App., 28 S.W.2d 211.

Rule 90 is as to defects in pleading, and provides: "General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered." Rule 67 may have some logical bearing here. It provides as to issues not set forth in the pleading nor tried by implied consent.

In the case of Finn v. Finn, Tex. Civ.App., 185 S.W.2d 579, Judge Bond of the Dallas court of Civil Appeals says in effect that in divorce cases defects in the pleading and insufficient allegations are not waived as against general demurrer as prescribed by Rule 90, T.R.C.P. in other cases. In the case of Harris v. Harris, Tex.Civ.App., 190 S.W.2d 489, by the Galveston Court, said Rule 90 is cited with reference to defective allegations as to residential and domiciliary qualifications. However, it was held that the allegations in the petition were sufficient compliance with the statute. In our opinion said Rule 90 does apply to the pleading in a divorce suit. In the instant case appellant filed a cross action in which he plead as follows: "Plaintiff is and has been for more than twelve months immediately before exhibiting this petition an actual bona fide inhabi-

tant of the State of Texas and has resided in said Ector County for more than six months next preceding the filing of this cross complaint." This allegation in appellant's cross action, although same was dismissed, was sufficient to give the court power to act on the marital status of the parties. It was sufficient to bring the marital status before the court.

As has been stated, the record shows no exceptions by appellant to the judgment rendered; no exceptions to the trial court's findings of fact and conclusions of law, no request for additional findings of fact. The judgment recites: "The court finds that the material allegations of plaintiff's original petition are true and correct and that she is entitled to a divorce."

In regard to the allegations of cruelty, the findings of fact of the trial court are very meager. They are in substance that defendant was guilty of cruelty and excesses toward plaintiff. In the Conclusions of Law it is said that plaintiff is entitled to a divorce from the defendant. The meagerness of the findings on this issue may be explained by finding No. 6, wherein it is recited that with leave of the court and in open court defendant upon the trial hereof withdrew his cross action and his defense to the divorce action of plaintiff. While the act of the defendant in withdrawing his cross action and defense may explain the meagerness of the court's findings on the issues as tendered by plaintiff as to the divorce, however Art. 4632 requires in substance that in divorce suits a petition shall not be taken as confessed for want of answer; that the decree of the court shall be rendered from full and satisfactory evidence upon the judgment of the court affirming the material facts alleged in the petition. In view of the fact that defendant failed to except to the Findings of Fact and failed to move for additional or further Findings, there is some doubt in our mind as to our authority to consider defendant's points as to the insufficiency of the evidence to justify the court in granting this divorce. There is a Statement of Facts in the record, and we have decided to review the evidence in this respect. Appellee testified as follows:

"Q. Are you and Mr. Swanson living together at this time? A. No.

"Q. How long since you lived together? A. Around last January—I don't remember the exact date.

"Q. The latter part of January 1949? A. Yes.

"Q. You have not lived together since that time? A. No, sir.

"Q. Is your child present in Odessa? A. Yes. * * *

"Q. Following the date of your marriage in June, 1948, and up to the time you separated the latter part of January, 1949, state to the court in your own words what was the course of your husband's treatment to you? A. After we had been married about a month he started staying out at nights. First he said he was going hunting and when I found out that wasn't true he then had another reason to give me; he would come in at four o'clock in the morning and I knew that wasn't true.

"Q. Did you remonstrate with him? A. Yes.

"Q. Would it happen as much as once a week? A. More often than that—it was almost every night.

"Q. Did you know what he was doing staying out late at night? A. I never saw him with a woman, but he came in once with lipstick on him and I tried to talk to him and tell him what would happen and he said that I could pack my clothes and leave, as he was not even fixing to leave himself.

"Q. Based on the facts you have testified concerning your husband's conduct do you think that you and your husband could live together as man and wife? A. No, sir."

In passing upon the sufficiency of this evidence we have borne in mind that appellant did not testify and in no way denied anything his wife charged as to his conduct. Art. 4629, V.A.C.S. provides in part: "A divorce may be decreed * * * where either party is guilty of excessive, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." In passing upon the sufficiency of this evidence, in view of the fact that defendant did not contradict same, we assume that same is absolutely true; according to the testimony of plaintiff the quality of absolute truth we hold that same is insufficient to justify the granting of a divorce. See Art. 4632, V.A.C.S.; Provine v. Provine, Tex.Civ.App., 172 S.W. 587; Aylesworth v. Aylesworth, Tex.Civ. App., 292 S.W. 963; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240.

The disposition of the appeal as to the divorce case perhaps renders unnecessary a consideration of the assignments relating to the division of the property. However, as we intend to reverse and remand this case instead of dismissing same, it is perhaps not inappropriate to briefly discuss same. The former divorce decree between the parties rendered on the 19th day of February 1948, by the District Court of Ector County, recites: "The court further finds that no community property was acquired that has not heretofore been disposed of." It does not purport to partition the community property. The instant decree purports to partition as community property two pieces of real estate, to-wit: Lots No. 1 and the west 10 ft. of lot No. 2, Block No. 8, Sage Hills Addition to the Town of Odessa, Ector County, Texas; and lots No. 13 and 14, Block No. 77, College Addition to the Town of Odessa, Ector County, Texas. The first described piece of real estate is awarded to the plaintiff, the second to the defendant. Art. 4638, V.A.C.S. relating to the division of property when a decree of divorce is pronounced, provides in substance: "Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

It is held in Tiemann v. Tiemann, 34 Tex. 522, 523, that in partitioning the community property the court was without power to divest the title of one party in a piece of community property and vest same in the other. In Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313, 126 S.W.2d 626, it is said: "By the provisions of Article 4638, R.C.S.1925, the court pronouncing the

decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in such a way as the court may deem just and right, having due regard for the rights of each party and their children, if any. This statute does not allow the divorce court to compel either party to the divorce action to divest himself or herself of the title to realty."

The involuntary conveyance by the decree of the court of one party's undivided interest in community property to the other is compelling such party to convey title just as much as a decree specifically ordering such conveyance. See also Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594, and authorities there cited.

In this case, while we do not mean to be understood as holding that the trial court might not award the use of the homestead to the wife for life, this would not compel the defendant to divest himself of title to the property.

■ In view of the fact that plaintiff may desire to amend her pleading and may be able to obtain additional evidence as to her grounds for divorce, it is ordered that this cause be reversed and remanded to the trial court for another trial.