**Frances L. VOTH, Appellant,**

v.

**Reuben T. VOTH, Appellee.**

No. 10743.

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1960.

Rehearing Denied Jan. 27, 1960.

Douglass D. Hearne, Cofer & Cofer, Austin, for appellant.

Joe Carroll, Temple, for appellee.

ARCHER, Chief Justice.

Reuben T. Voth filed this suit for divorce against Frances L. Voth on the following grounds:

"Plaintiff is and has been for some eighteen (18) years immediately past a member of the U. S. Army and in the performance of his duties must move where he is ordered to go by the Army. That defendant willfully fails and refuses to live with him as his wife and accompany him where he is ordered to go by the Army or to come to him and live with him as his wife and such conduct on her part has caused him pain, anguish, and suffering to his feelings and pride and finally on or about the 6th day of April, A.D.1959, the marital situation of plaintiff and defendant was so intolerable that the further living together of plaintiff and defendant as husband and wife was rendered insupportable. That the willful acts of neglect and inattention of defendant to plaintiff as his wife further renders their living together insupportable."

The tendered evidence to substantiate the allegation is:

"A. I was married to the defendant on or about the 13th day of October, 1956.

"Q. State whether or not you are separated from your wife, the defendant in this cause now on trial. A. We lived together as husband and wife with various separations from that date until on or about the 6th day of April, 1959, on which date I realized I could not live with the defendant as her husband even though the defendant might have decided to come and live with me, as I had requested her to do, at my present station where I must remain because of my duty assignment. I have been separated from the defendant several times.

"Q. Were any of these separations you mention brought about by your acts or omissions towards the defendant? A. I did not feel that any of these separations were because of wrong on my part but they were because of conduct on the part of the defendant.

"Q. Will you state whether or not the defendant has been in the United States subsequent to your reporting for duty at Fort Hood? A. The defendant has been in the United States subsequent to my arrival in Fort Hood in December, 1957. In fact, in about August of 1958 she wrote me from Arizona.

"Q. State whether or not you answered her letter. A. I wrote to her and asked her to come to Fort Hood.

"Q. What was her reply, if any? A. She refused to do so simply by ignoring my request. She returned to and has remained in Hawaii.

"Q. What, if anything, did you do after the defendant ignored your request to come to Fort Hood in answer to your written request? A. I

thought about the matter and knew if she came to the State of Arizona in the United States she surely could have come on a few miles further to Texas.

"Q. State what you have done, if anything, in addition to writing the defendant to come and live with you. A. She was furnished copies of my orders by me and I told her in November of 1957 to come when she was ready to my military station to be with me; that she was just to take the orders which I furnished her, copies of my military orders, to the Army Transportation and she would be furnished transportation. This offer of military transportation has been open to her since November of 1957.

"Q. What, if anything, has the defendant done in reference to accepting this transportation to Fort Hood? A. At all times she has ignored my request that she come and live with me as my wife.

"Q. State whether or not this failure on the part of the defendant to come and live with you as your wife has had any effect on you. A. I thought about this and knew that the defendant could come and live with me but that she would instead ignore me and never be a wife to me and this neglect on her part has been studied neglect and her ignoring my requests to come and live with me as my wife has bothered me and made me lose weight and made me nervous and caused me to worry and fret and not be able to sleep and generally affected my health so that it was detrimental to such an extent that it was making me unable to work properly and was making it impossible to continue as husband of the defendant. This suffering on my part occurred from about the first of January, 1959, until my decision to finally separate from her on

the 6th day of April, 1959, and never live with her and get a divorce.

\*　\*　\*　\*　\*　\*

"Q. Will you state whether or not the defendant ever told you what her intentions were about transferring from one military station to another with you? A. The defendant has told me in the past that she would not go from one military station to another military station with me and live as an army wife.

"Q. Will you state how you gain your livelihood? A. I make the Army my career and it is the way I make my living. At all times since I married my wife has drawn a military allotment for support.

"Q. Do you have any choice about your duty stations? A. Since I am in the Army, I must be stationed where I am sent to perform my duty. I know my wife could live with me nowhere else.

"Q. What effect has the conduct on the part of your wife had on you? A. Her totally ignoring my request that she come to live with me has worried me exceedingly. It certainly has troubled me. It has made our marriage something I can not endure and I could not endure."

■ We do not believe that this testimony meets the requirements of Articles 4629(1) and 4632, Vernon's Ann.Civ.St., providing for full and satisfactory evidence

Mrs. Voth was served with citation in Hawaii on April 16, 1959 by the High Sheriff who inquired if she was Frances L. Voth, and she, according to her testimony by deposition, replied that she was not Frances L. Voth but was Frances V. Voth, and that the Sheriff told her that he would serve her later. Mrs. Voth contacted an attorney who she says told her to wait for valid service before answering.

Appellants admit that the service is sufficient but contend that the statements made by the Sheriff and the attorney caused her to be mistaken as a matter of law and in justification for failing to answer.

The divorce was granted on June 10, 1959 and the clerk of the Court sent a copy of the judgment to Mrs. Voth, who engaged Texas attorneys to file a motion for a new trial on June 18, 1959 which was within the time prescribed by Rule 329-b, Texas Rules of Civil Procedure.

The motion set out the recited conversation with the officer and that her failure to answer was on account of such and was not intentional; that she had a meritorious defense and that appellee would not suffer any injury by the granting of a new trial.

At the hearing on the motion for a new trial appellant's testimony by deposition and that of appellee were heard and the motion was overruled.

■ We do not believe there is presented bad faith or lack of diligence on the part of Mrs. Voth but a misunderstanding on her part with the result that she has not been afforded an opportunity to present whatever defenses she may have, and we believe that the Trial Court should have granted the motion for a new trial. Rocha v. Rocha, Tex.Civ.App., 185 S.W.2d 499; Cohen v. Cohen, Tex.Civ.App., 194 S.W.2d 273; Mason v. Mason, Tex.Civ. App., 282 S.W.2d 320.

Appellee stated on the submission of this case that it had not been fully developed and we therefore reverse and remand this case for a trial on its merits rather than render it.

Reversed and remanded.

GRAY, Justice (concurring).

I agree that this cause should be reversed and remanded but for reasons other than those stated by Chief Justice ARCHER.

The testimony quoted in the opinion shows, at most, no more than that appellee, husband, selected Fort Hood as the family home and domicile and that appellant, wife, refused to join him there. This may show desertion on the part of the wife. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90. Or it may constitute abandonment. Provine v. Provine, Tex.Civ.App., 172 S.W. 587. In either event the desertion, or abandonment, is not shown to have continued for a period of three years as is required by Art. 4629, Vernon's Ann.Civ.St. If, on the other hand, it be asserted that appellant's refusal to come to Fort Hood constitutes cruel treatment of such a nature as to render the further living together of the parties insupportable, it is my opinion that the evidence is not full and satisfactory.

For the reasons stated I agree that the judgment of the trial court must be reversed. Also, I accept appellee's statement that the cause has not been fully developed and agree that a remand of the cause is proper.