### EVANS v. EVANS.

No. 11484.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1945.

Rehearing Denied March 21, 1945.

278

Eskridge & Groce and Walter Groce, all of San Antonio, for appellant.

Claud J. Carter, of San Antonio, for appellee.

NORVELL, Justice.

This is a divorce case. The decree was in favor of the husband, James J. Evans, and against the wife, Henrietta Lund Evans.

Mrs. Evans, as appellant, contends that the trial court erred in sustaining a special exception to her application for a stay of proceedings in the present case.

This matter was heard and passed upon by one of the district judges of Bexar County prior to a trial upon the merits which was heard by another judge. The pertinent pleadings were the plaintiff's original petition, the application for a stay of proceedings, and the exception directed against said application.

The petition is predicated upon Article 4629, Section 1, Vernon's Ann.Civ.Stats.— the "cruel treatment" section of our divorce statutes. It appears inferentially from the material pleadings that the parties to this suit both lived in Ohio prior to the time the husband removed to Texas, and that all the actions and occurrences relied upon by him as grounds for divorce took place in the State of Ohio, which was the matrimonial domicile of the parties. It appears that two children were born to the marriage, and that these children, aged seven and five, respectively, as well as appellant, now reside in Ohio.

Appellant's First Amended Original Answer contained the following special plea:

"She renews her plea in abatement heretofore filed and for such plea says that on November 28, 1942, plaintiff in this cause filed suit against her in the Court of Common Pleas of Cuyahoga County, State of Ohio, a court having jurisdiction in said state to grant decrees of divorce, together with ancillary relief in connection therewith. That summons was issued on such petition on the same date and was served on the defendants in this cause on the 30th day of November, 1942. That this defendant filed her motion for alimony pendente lite, and the plaintiff in this cause, as plaintiff in said cause pending in the Court of Common Pleas in the County of Cuyahoga, State of Ohio, filed his reply thereto on December 11, 1942. That a recommendation of the Domestic Relations Department for alimony at the rate of $60.00 per month was made, and on objections by defendant, was raised to $75.00 per month; and a motion was then made by the plain-

tiff to reduce the alimony from $75.00 per month to $50.00 per month. That the defendant in said cause, who is also the defendant in this cause, filed her cross action against the plaintiff for separation, custody of their two minor children, temporary and permanent alimony and general relief on the 2nd day of December, 1942, and summons was issued and served on the plaintiff on the 9th day of December, 1942. That said order for alimony has never been set aside, and said suit and cross action are still pending in the Court of Common Pleas for said county and state.

"Wherefore, this defendant says that this suit should be abated and await the outcome of the trial of said suit pending in the County of Cuyahoga, State of Ohio."

Appellee specially excepted to this special plea "for the reason that if said suit is pending as alleged, such pendency of said suit is no ground for the abatement of plaintiff's suit in this Court and constitutes no defense whatsoever against this suit."

■ The trial court sustained the exception, apparently upon the theory that appellant's special plea was strictly speaking a plea in abatement. While appellant's application did make use of the term "plea in abatement," and thus introduced a confusing element into the case, we think it reasonably clear that appellant's special plea was one for a stay of proceedings and we have so designated it in this opinion.

■ While a "stay of proceedings" and an "abatement" are in some respects similar, they are not identical. Abatement is a matter of right and the general rule is that, "the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state, even though both suits are between the same parties and upon the same cause of action." 1 Am.Jur. 42. However, "the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief may be awarded in the prior suit." 1 Am.Jur. 44. See also 1 C.J.S. Actions, § 133, p. 1410; Sulz v. Mutual Reserve Fund Life Association, 145 N.Y. 563, 40 N.E. 242, 28 L.R.A. 379; Beneke v. Tucker, 90 Or. 230, 176 P. 183. Annotation—Propriety of staying action or proceeding pending another action or proceeding, 81 L.Ed. 161, particularly p. 176.

■ Since an application for a stay of proceedings is directed to the discretion of the court, it follows that the court should consider the matters presented by the application, determine disputed fact issues, if any there be, by hearing evidence, and enter such order as in its discretion said court may deem advisable. An exception directed against an application for a stay of proceedings would not be good unless said application be legally insufficient to invoke the discretionary action of the court. The application here was sufficient for the purpose mentioned, consequently the trial court erred in sustaining the exception.

■ Appellee, subject to his exception, here filed a general denial to the allegations contained in appellant's application. However, if upon a hearing it should be determined that the allegations of the application were true, we are of the opinion that a stay order could properly be entered. Dodge v. Superior Court of Los Angeles County, 139 Cal.App. 178, 33 P.2d 695. In fact, under the allegations contained in appellant's pleading, we are inclined to the opinion that a refusal of the stay prayed for would amount to an abuse of discretion. These allegations not only show that two divorce suits between the same parties are pending in different states, but go further and disclose that the Ohio court, which first obtained jurisdiction of the controversy, has entered an alimony order pendente lite designed to protect the rights of residents of the State of Ohio, that is, the wife and the two minor children of the couple involved in this suit. Under the holding of Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273, a Texas decree of divorce could be made the basis for the vacation of the pendente lite order of the Ohio Court. This would effect an unwarranted interference with the rights of non-residents of this State, which rights have been recognized and made effective by order of a court of a sister state. We think that the principle of comity between states should prevail in this situation. After all, appellee invoked the jurisdiction of the Ohio Court. His wife and children live in Ohio. What property he has is apparently located there, as he makes no mention in his petition of property situated in Texas.

This is primarily an Ohio controversy, in which an Ohio Court has taken affirmative action with reference thereto. We think the Texas Court may well stay its proceedings pending the disposition of the Ohio suit.

The decree of the trial court is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.