**Jimmie Dell TUBBS, Relator,**

**v.**

**Judge Ernest COKER et al., Respondents.**

**No. 14739.**

Court of Civil Appeals of Texas.

Houston.

March 24, 1966.

John W. Mitchell, Houston, for appellant.

G. H. Kolb, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

COLEMAN, Justice.

Relator seeks a writ of mandamus to require respondent to set aside his order refusing relator's right to appeal on a pauper's oath and to enter an order granting her such right.

' Relator's affidavit of inability to pay costs was contested and set down for a hearing. After a hearing at which evidence was presented, respondent sustained the contest.

■ Guiding principles to be applied in such a case as this have been announced by the Supreme Court of Texas. In King v. Payne, 156 Tex. 105, 292 S.W.2d 331, the court said: "The question is whether an examination of the record as a whole establishes that the trial judge abused his discretion in sustaining the contest."

In Pinchback v. Hockless, Tex.Com.App., 1942, 139 Tex. 536, 164 S.W.2d 19, the court said:

"In passing on the ability to pay costs, or give security therefor, and the right of a party to be exempted therefrom, the court must look to the facts as a whole in the light of the objects intended to be accomplished. Obviously, if a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor.

"Where a party files such an affidavit and it is contested, the burden of proof is on the applicant. Texas Rules of Civil Procedure No. 355."

It appears that Relator had no earned income or investment income for some months prior to the hearing. She had no cash and little property on the date of the hearing. She was indebted to relatives, a doctor, and a bank. She received each month income from a relative which she testified was a loan rather than a gift. She had previously transferred her interest in the family home to a relative, but lived there without paying rent. A couple lived with her and were furnished room and board free, although they had previously paid rent. Relator had hired help regularly to care for the house and yard in addition to the assistance provided by the couple living with her. These expenses were met from the money provided relator by her sister. The sister testified that she would not advance relator money for court costs. Some months previously relator had been paid a substantial sum as a result of injuries received in an automobile accident. She testified that she used this money to pay doctor bills and to buy an automobile. Relator contends that she is totally disabled from working as a result of the automobile accident and has filed several law suits seeking recovery on an insurance policy providing monthly benefits while she is totally disabled. One of these suits has been tried and the judgment in an amount approximating $900.00 was final at the time of the hearing, but there is evidence that prior to the hearing $700.00 of this amount was assigned to one of her attorneys for his work on the case and that the balance was assigned to one of her relatives who had previously loaned money to her. This relative testified that he would not loan her money for the purpose of prosecuting the appeal. Relator testified that she couldn't borrow money from the bank because she already owed money there. She also testified that she had not discussed with her attorney the possibility of paying only part of his fee from the recovery in the prior suit. There is no evidence that she had actually applied for a loan anywhere, except at the bank. She testified that she lived in a small town without public transportation and needed the automobile.

It is the feeling of this Court that since all the officials in our court system receive salaries, some of the matters given weight in Pinchback v. Hockless, supra, are no longer valid, and that great care should be taken to see that injustice is not perpetrated by failing to give access to the courts to those unable as a practical matter to give security for costs.

However, the rule established by Pinchback v. Hockless and reaffirmed by the Supreme Court in King v. Payne, supra, is: "Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?"

We cannot say that respondent abused his discretion in determining that relator could have paid the costs if she really wanted to and made a good-faith effort to do so.

Mandamus denied.