**Lewis Leroy JONES, Appellant,**

v.

**Grace Amelia JONES, Appellee.**

**No. 6454.**

Court of Civil Appeals of Texas, El Paso.

July 2, 1975.

Fugit, Pipes & Bobo, Gerald K. Fugit, J. A. (Jim) Bobo, Odessa, for appellant.

James McDonald, Crane, for appellee.

## OPINION

WARD, Justice.

This is an appeal from an order entered on a motion seeking to modify the terms of a previous order of a District Court of Ector County and concerns the possession of a child of the parties during the summer months. We affirm the trial Court.

The parties were divorced on February 15, 1973, and the custody of their one child, James Leroy, was awarded to the Appellee, Grace Jones, but with the right for the Appellant to have the possession of his minor son during each summer from June 15th until August 15th and with the further right for the Appellant during the remaining ten months of the year to have the child visit with him on two weekends each month from Saturday at 8:00 A.M. until Sunday at 8:00 P.M.

On May 20, 1974, a second hearing was held and the divorce order was modified to the extent that the right of the Appellant to have possession of his son was changed from two months to two weeks each summer.

The Appellant filed the present motion and hearing was held thereon December 9, 1974. By this motion the Appellant made five requests: That the Appellee, Grace Jones, be ordered not to cause a scene when the Appellant comes to pick up the child for visitations; that the Appellant be permitted to have the child for his visitations from Friday night until Sunday night for two weekends each month; that the Appellant's present wife, Marilyn Sue Jones, be permitted to pick up the child; that visitation during the summer months be again set at two months instead of two weeks; and that weekend visits where the Appellant had not been allowed to have his child be made up. By the order appealed from, the Court denied the request on the part of the Appellant to have the child during two months of the summer and reaffirmed the order of May, 1974, that he could have the child two weeks in the summertime; that during the time that the Appellant lives in Brownwood, Texas, he may have the child two-weekend periods during each other month from 6:00 P.M. on Friday until 8:00 P.M. the following Sunday; that the Appellee, Grace Jones, is to notify the Appellant if for any valid reason he cannot have the child on his appropriate visitation weekends; and that he be allowed to have the child on July 4, 1975, to make up for occasions when he had been denied access to his child.

The point made by the Appellant on this appeal is that the Court committed error by considering another case which it had heard and made its present decision upon facts not in the present record. Prior to the introduction of evidence in this hearing, the Court heard argument from counsel as to whether the motion sufficiently alleged that circumstances had materially and substantially changed since the last order. The Court noted that the Appellant had remarried soon after his divorce from Grace Jones

and that his new wife had a child from her previous marriage to a Jim Marshall. The Judge then stated that he had heard certain testimony regarding visitation between the parents of the Marshall child and stated that he wanted all four parents present to enable him to work out a compatible and non-conflicting schedule between the two sets of parents and the two children. He next stated that he would not hear the present case, but after further argument went ahead with the testimony. The Appellant and Appellee then testified as to their present grievances.

Without further discussion, we will assume that the trial Court considered certain facts regarding the dispute between the parents of the Marshall child in disposing of the present case. On that assumption, we fail to see where reversible error has been established. As far as the evidence before us is concerned, it may well be that this was developed in the pleadings or evidence in the former visitation hearing of May 20, 1974, by these same parties regarding the Jones child. If that were so, there would be no error. A Court takes judicial knowledge of things that occurred at a former trial of the same case, and certainly these present parties were not harmed thereby. 23 Tex.Jur.2d Evidence § 26, p. 47.

If the Court erroneously considered the testimony produced at the hearing between the Marshall parents, then we hold that the error was harmless. Rule 434, Texas Rules of Civil Procedure. No findings of fact having been requested or filed, it is our duty to view the conflicting evidence in the light most favorable to the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). Because the Appellant had moved to Brownwood, the Court enlarged his weekend visitations just as he requested. Because the child had become active in Little League Baseball and in Cub Scouts and because visitations in the Appellant's home upset the child, the

Court refused to lengthen the summer visitation from the previous order. No abuse of discretion is shown. A careful review of the record convinces us that the Court considered the best interest of the child over the desires of two bickering parents. Tex. Family Code Ann. §§ 14.07 and 14.08, V.T. C.A.

Affirmed.