**Carl HAYS, Petitioner,**

**v.**

**Ron KESSLER, Chairman of the Dallas County Democratic Party and Lonnie Wilson, Frances Dirks, Dwight Patterson and Aslee Lewis, Dallas County Democratic Primary Committee, Respondents.**

**No. 19613.**

Court of Civil Appeals of Texas, Dallas.

April 12, 1978.

Douglas R. Larson, Johnston, Larson & Dixon, Dallas, for petitioner.

William Allensworth, Haynes & Boone, Dallas, for respondents.

ROBERTSON, Justice.

Carl Hays seeks a writ of mandamus to compel the Dallas County Democratic Primary Committee to place his name on the Democratic Primary Ballot as a candidate for State Representative, Place 33–G. In order to have his name placed on the ballot, Hays was required to submit an application together with either a filing fee or nominating petitions signed by a specified percentage of the qualified voters which, in this case, is conceded to be ninety-five. Tex. Election Code Ann., art. 13.08 (Vernon Supp.1978). Hays chose to file nominating petitions rather than pay the filing fee. After receiving Hays' application and petitions, however, the Primary Committee voted to recommend to the Executive Committee of the Dallas County Democratic Party that Hays not be certified for a place on the ballot. The Executive Committee accepted this recommendation, and Hays then filed his petition for mandamus. Since we conclude that, as a matter of law, Hays' petitions do not comply with the standards required by the Election Code, we deny relief by mandamus.

The primary question in this proceeding is whether Hays' petitions contain the necessary information required to qualify him for a place on the ballot, namely, that at least ninety-five of the signers were qualified to vote in the primary election. Before addressing this question, however, we must decide two preliminary issues; first, we must determine whether the Primary Committee's failure to file a sworn denial of the facts set forth in Hay's petition forecloses its right to challenge the sufficiency of the petitions; second, we must decide whether the Primary Committee may now raise arguments against the petitions which it did not consider at the time it recommended against certification.

■ The Primary Committee argues that Hays' nominating petitions are insufficient because less than ninety-five signatures are accompanied by valid voter-registration numbers. Hays urges, however, that since the Primary Committee failed to file a sworn denial of his petition for mandamus, it has waived its right to challenge the sufficiency of his petitions. This argument is based upon Article 13.08(d) of the Election Code, which provides that a verified petition is "prima facie evidence that the signatures thereon are genuine and the persons signing it are registered voters." According to Hays, his verified nominating petitions are thus prima facie evidence of his right to appear on the ballot, and in the absence of a sworn denial of this evidence, the voting qualifications of the signers must be deemed admitted. We cannot accept this contention. We recognize that when no sworn denial of facts alleged in a petition for mandamus is filed, all factual allegations in the petition must be accepted as true. *Burgemeister v. Anderson*, 113 Tex. 495, 259 S.W. 1078 (1924); *Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). In this case, however, we conclude that a sufficient verified opposition has been filed. While it is true that neither respondents' answer nor their supporting brief was sworn, the brief referred to accompanying affidavits of the Deputy Tax Assessor/Collector which certified at-

tached voter registration records. The affidavits were filed at the same time as the answer and the brief, and it would be overly technical to require verification of allegations in an answer when the necessary evidence to support those allegations is supported by verified affidavits. Accordingly, we hold that the Committee's response is sufficiently verified to act as a sworn answer to Hays' petition for mandamus. Thus, we may consider the Committee's arguments regarding voter qualifications.

■ Hays next argues that since the Committee did not consider the issue of voter qualification at the time it recommended against certifying him for a position on the ballot, it is now precluded from raising that issue in this proceeding. Hays bases this contention on Article 13.14 of the Election Code which provides that the Committee shall meet "on the fourth Monday in March" preceding the primary election and "make up the official ballot . . .". Hays urges that presentation of his verified petitions established his right to appear on the ballot subject to challenge by the Committee or an opponent for irregularities, and that any such challenge must be made before the statutory date for making up the ballots. He insists that if no facts controverting a candidate's qualifications are raised before that time, the Committee has a clear duty to place the candidate's name on the ballot. According to Hays, this duty remains outstanding despite later discovery of facts which negate the candidate's right to appear on the ballot.

Hays further argues that the provision of Article 13.08(d), above mentioned, making the petition when properly verified "prima facie evidence that the signatures thereon are genuine and the persons signing it are registered voters," requires the Committee to accept the petition at face value in the absence of any challenge. He points to the written opposition filed by his opponent,

attached to the application for mandamus, which, he says, is insufficient to show that the valid signatures on the petition numbered less than ninety-five. We conclude that the Committee is not limited to the opposition presented at that meeting. Since the petition is only "prima facie evidence," the Committee had the responsibility to determine the validity of the signatures, and they were authorized to make their own investigations by comparing the names with voter-registration lists, or otherwise. Presumably they have done so, and they now show on the basis of receipts from the tax office that eight additional signatures are invalid. The present record does not show whether the committee had that information at the time they made their decisions, but we regard that circumstance as immaterial. The question before us is whether they now have a clear ministerial duty to put Hays' name on the ballot. We hold that they do not because the evidence before us reflects the "prima facie evidence" provided by the petition. Even assuming Hays is correct in his arguments regarding the improper striking of certain names because of signature and address deficiencies,[1] the Committee has produced affidavits and certified records from the Deputy Tax Assessor/Collector of Dallas County which show that at least eight other signers were not qualified voters. Article 13.08(d) of the Election Code provides that "the petition *must* show the following information with respect to each signer: . . . his current voter registration certificate number . . ." When Hays' final number of allegedly qualified signatures is reduced by the eight unqualified voters, the number of valid signatures on his nominating petitions is less than the ninety-five signatures required by Article 13.08(d) of the Election Code. Since the provisions of this statute are mandatory, *Brown v. Walker*, 377 S.W.2d 630, 632 (Tex.1964); *Geiger v. DeBusk*, 534 S.W.2d 437, 438–39 (Tex.Civ. App.—Dallas 1976, no writ), Hays' non-com-

---

1. Hays argues that hand-lettered or printed names are valid "signatures" under the Election Code, and that ditto (″) and check (✓) marks under certain addresses indicate that the signer intended to reflect his address as the one appearing immediately above. Hays does not, however, challenge the Committee's striking of those names for which *no* address is indicated, those for which no voter registration number appears, or those signatures which are not dated.

pliance justified the Committee's refusal to place his name on the ballot.

We conclude that the circumstances do not establish Hays' right to relief by mandamus. In order to obtain such relief, the petitioner must show that he has a clear right to the action sought to be compelled and that the respondent has a ministerial duty to perform it. *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex.1969); *Wichita County v. Griffin*, 284 S.W.2d 253 (Tex. Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). Since the evidence before us shows that the petitioners did not comply with the Election Code in that they do not have the required number of signatures with addresses and correct voter-registration numbers, we cannot hold that the Committee has a clear duty to put Hays' name on the ballot.

The ballots for the Democratic Primary to be held in May, 1978 are presently being printed. For that reason, we direct that a motion for rehearing by Hays will not be entertained. His remedy is to seek mandamus from the supreme court.

Mandamus denied.