Johnnie Fae **KELLER**, Relator,

v.

Honorable Dee Brown **WALKER**, Respondent.

No. 05–82–01402–CV.

Court of Appeals of Texas, Dallas.

May 9, 1983.

Rehearing Denied June 13, 1983.

Bill Liebbe, Dallas, for relator.

E. Thomas Bishop, Dallas, for respondent.

Before GUITTARD, C.J., and SPAR-
LING and ALLEN, JJ.

GUITTARD, Chief Justice.

In this petition for writ of mandamus, an unsuccessful worker's compensation claimant seeks review of an order of the district court sustaining a contest to her affidavit of inability to pay the cost of an appeal. The record before us contains the evidence at the hearing on the contest but does not include certain evidence at the trial, of which the trial court took judicial notice. In the absence of any showing that the evidence of which the court took judicial notice would not have supported the court's ruling, no abuse of discretion is shown. Consequently, we deny the writ.

At the hearing of the contest, the burden rested on the appellant to sustain the allegations of the affidavit. Tex.R. Civ.P. 355(d). When the contest is sustained and mandamus is sought to review that ruling, the question is whether an ex-amination of the record as a whole establishes that the trial judge abused his discretion. *King v. Payne,* 156 Tex. 105, 292 S.W.2d 331, 336 (1956). In such a proceeding the test, as laid down in *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942), is whether the record as a whole shows by a preponderance of the evidence that the appellant would be unable to pay the costs, or a part of them, or give security for the costs, if he really wanted to and made a good-faith effort to do so. This test was reaffirmed by the Supreme Court in *King* and more recently in *Allred v. Lowry,* 597 S.W.2d 353, 355 (Tex.1980).

At the hearing now before us the sole witness was the relator, Johnnie Fae Keller. According to relator, she has no job and has been employed only three days in the past ten years. Apparently, one of those days was January 19, 1980, because the record indicates that her claim for compensation is based on an alleged accidental injury on that date. Previously she had been supported by benefit checks received by her mother, who is now deceased. Since the alleged accident, her son and her daughter have paid her bills and bought her groceries. She has applied for social security and other government benefits, but assistance has been denied.

Mrs. Keller is five feet two inches tall and weighs about one hundred and forty-five pounds. Her clothing, she says, is adequate, although she has not bought any clothes in the last ten years. She owns a three-bedroom house in which she lives with her son, who pays no rent, although he is employed as a cook. The house is encumbered by a home improvement loan, on which her son makes the payments. Her son also pays for the utilities, including a telephone. Taxes on the house have not been paid since 1980. She owns various household items, including a refrigerator, dryer, cookstove, and a broken oven. She has one piece of jewelry, a ring that cost forty-five dollars. She owns a broken television set and a twelve-year old automobile that does not run. She has no other assets and testified that she has received no money since January, 1980, although it is stipulated that the compensation carrier paid

more than six months of compensation benefits.

Mrs. Keller testified that she had asked her son to pay the costs of the appeal, but he does not have the money. She is not able to borrow money from any source and could not repay a loan. She has not sought a loan from any lending institution. Neither has she sought any employment since January 1980. She asserts that she is unable to work, but she presents no other evidence of disability. She admits having heard the testimony of two doctors at the trial to the effect that she was able to work at several types of jobs.

At the close of the hearing, counsel for the compensation carrier asked the court to take judicial notice of the testimony of two physicians in the preceding trial concerning her ability to work and get employment. The judge responded, "I'll do that."

We accept Mrs. Keller's testimony as sufficient to show that she has no assets that she could be expected to sell or pledge in order to secure the costs of the appeal and no income from which she might repay a loan. Nevertheless, we are not satisfied that the judge abused his discretion in finding that she could have obtained employment and earned enough money to pay or secure the costs if she had made a good faith effort to do so. The facts are closely parallel to those in *Tubbs v. Coker,* 401 S.W.2d 272, 273 (Tex.Civ.App.—Houston 1966, no writ), in which mandamus was denied. Moreover, in the present case, Mrs. Keller's testimony that she is unable to work cannot be taken as conclusive. The court had heard other evidence on her ability to work, which was evidently a disputed issue at the preceding trial. The judge properly took judicial notice of that evidence. *Jones v. Jones,* 525 S.W.2d 912, 914 (Tex.Civ.App.—El Paso 1975, no writ); *Finn v. Finn,* 195 S.W.2d 679, 680 (Tex.Civ. App.—Dallas 1946, no writ). In the absence of any showing that the testimony of the two doctors, of which judicial notice was taken, would not have disputed her assertion of inability to work, we cannot hold that an abuse of discretion is shown. That testimony must be presumed to support the

court's implied finding that she was able to work, but voluntarily refrained from seeking employment. Consequently, she has not met the good-faith test laid down in *Pinchback.* A litigant who remains voluntarily unemployed and lives by the generosity of relatives is not entitled to require the officers of the court to render services free when other citizens are required to pay.

Mrs. Keller points out that the issue of ability to work was the very issue that was tried by the court and jury, and she argues that the trial court's ruling will deprive her of appellate review of the court's adverse finding on that issue. We are not persuaded that this circumstance affords her the right to a free appeal based on her unsupported assertion that she is unable to work. In order to take a free appeal, she has the same burden as any other litigant to establish her inability to pay the costs and, if the evidence supports a contrary finding by the trial judge, no abuse of discretion is shown.

We recognize also that Mrs. Keller's inability to obtain a reporter's transcript of the evidence at the trial was the issue before the court at the contest hearing. It may seem unfair to require her to obtain and pay for such a transcript in order to establish that she is unable to pay for the record of that same trial. We do not hold, however, that she was required to present a complete statement of facts in support of her petition here. Mandamus proceedings may be considered upon the facts set forth in relator's petition and respondent's answer, verified by proper affidavits. *See Wright v. Valderas,* 575 S.W.2d 405, 407 (Tex.Civ.App.—Fort Worth 1978, no writ); *Hays v. Kessler,* 564 S.W.2d 496 (Tex.Civ.App.—Dallas 1978, no writ). They may also be considered upon the trial judge's findings of fact. *Goffney v. Lowry,* 554 S.W.2d 157 (Tex.1977). Other relevant evidence in the form of authenticated copies of pertinent court papers, certificates of court officials, and exhibits may be presented to this court as part of the record on mandamus, *Wright.* Cf. *Elliott v. Hamilton,* 512 S.W.2d 824 (Tex.Civ.App.—Corpus Christi 1974, no writ). If relator is unable to obtain a transcript of the testimony of

which the court took judicial notice, she can, at least, present an affidavit giving the substance of the doctor's testimony and stating that she cannot pay the cost of having it transcribed. No attempt has been made to show the substance of the testimony of which the trial court properly took judicial notice. Moreover, the record of the contest hearing shows that one of the doctors testified by deposition, but the deposition has not been brought forward for our examination. Consequently, we hold that relator has not met her burden to establish that the trial court abused its discretion in sustaining the contest of the affidavit.

Mandamus denied.

SPARLING, Justice, dissenting.

I respectfully dissent. I cannot fathom how, under the mandate of the majority, a good faith litigant could ever sustain the burden of proving his inability to pay the cost of an appeal. As I understand the majority opinion, the trial court may base his judgment of relator's ability to pay for the record by taking judicial notice of the very record that petitioner is unable to purchase and we are unable to review. The relator, in order to resolve this catch-22 problem, must provide this court with the remedy that she is seeking (the record) in order to prove entitlement to the remedy (again, the record).

Majority, seeing the basic flaw in their reasoning, attempts a band-aid approach as a solution. More particularly, they thoughtfully conclude that relator may present affidavits that contradict the trial record, although there is no trial record, nor is there any other indication of what facts the court took judicial notice. Disputing this judicial notice by affidavit appears somewhat difficult, especially if one applies a general rule of judicial notice of related proceedings that the trial judge "may be presumed to have done so, whether or not he had formally announced that he was taking judicial notice." *Vahlsing, Inc. v. Missouri Pacific Railroad Co.,* 563 S.W.2d 669, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ). This would require that we guess beyond the record of the contest hearing and presume that the trial court had sufficient evidence during the trial to justify his decision.

An additional problem appears when one applies the majority's "affidavit" solution to an abuse of discretion standard of review. Under this standard, if there is some evidence of substantive and probative character, an appellate court may not find that the trial court abused its discretion, *Stout v. Christian,* 593 S.W.2d 146, 151 (Tex.Civ. App.—Austin 1980, no writ). In the present case, the trial court took judicial notice of two physician's testimony. Under the reasoning of the majority, even if our relator had supplied affidavits, without the trial record to review we must presume that the trial court based his sound discretion upon judicial notice of other evidence unknown to us. Certainly, if there was a conflict between her affidavit and sworn testimony in the trial, the trial judge has the discretion to believe the trial testimony.

I would hold that the speculation be eliminated and our judgment be based solely on the record of the hearing contesting the affidavit in support of her inability to pay. If the uncontroverted testimony in the contest hearing proves relator's inability to pay, then I would hold that the party contesting the affidavit to prevail, must present evidence showing an ability to pay.

Normally the party who is claiming that the court abused its discretion has the burden to bring forth the record on appeal, *Hardin v. Hardin,* 597 S.W.2d 347 (Tex. 1980); *Lubbock Mfg. Co. v. Perez,* 591 S.W.2d 907 (Tex.Civ.App.—Waco 1979, no writ). Relator did, in fact, bring forth the record of the contest hearing. I would hold, however, in a suit contesting relators ability to pay for the record, a silent record should not be determinative of an appeal in *forma pauperis. Galvan v. United States Fire Ins. Co.,* 629 S.W.2d 209, 212 (Tex.App. —Amarillo 1982, writ ref'd n.r.e.) If a party depends upon judicial notice of another proceeding to support his position, then it should be that party's burden to come forward with the record supporting that judicial notice to supplement the appellate record. *Cf. Serna v. Reyna,* 418 S.W.2d 701, 703 (Tex.Civ.App.—Corpus Christi 1967, no writ).

I further disagree with the majority's interpretation of the merits of relator's proof. The majority describes relator's claim to a right of free appeal as "based on her unsupported assertion that she is unable to work." Citing no authority, majority fails to explain why uncorroborated testimony by relator that she is unable to work, *when* unquestioned and unimpeached in the record, is insufficient to support her claim. I further distinguish the "parallel" case of *Tubbs v. Coker*, 401 S.W.2d 272 (Tex.Civ. App.—Houston 1966, no writ) from the present case because in *Tubbs*, relator received a monthly payment, albeit a "loan," from a relative which could be spent, presumably, at relators discretion. Also, she had recently received a "substantial" sum of money as a result of an automobile accident. In the present case, relator's son and daughter pay her bills and buy her groceries, rather than give her money to spend at her discretion.

The record before us reveals that relator cannot pay the cost of appeal. I would therefore grant the relator's petition for writ of mandamus.