In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00006-CV


______________________________




CROWN LEASING CORPORATION, Appellant



V.



BILLY SIMS AND SCOTT M. GOODMAN, Appellees




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 00C1745-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Crown Leasing Corporation appeals the trial court's decision to grant Scott M. Goodman's
plea in abatement, arguing the trial court abused its discretion and that Goodman should be estopped
from asserting that Florida has dominant jurisdiction.

 On April 28, 1995, Crown agreed to loan Billy Sims $50,000.00, secured by Sims' 1978
Heisman Trophy and other sports memorabilia. The security interest was perfected by possession;
however, Crown allowed Sims to temporarily take possession of the trophy for signature shows on
the condition the trophy would be immediately returned. On the latest occasion, Sims failed to return
the trophy and subsequently agreed to sell an interest in the trophy to Goodman for $90,000.00. All
transactions between Goodman and Sims occurred in the State of Texas without Crown's knowledge
or consent. Subsequently, Goodman relocated to Florida with the trophy. On November 29, 2000,
an Associated Press article announced Goodman's intention to sell the trophy in a telephone auction
in Florida on December 7, 2000. After reading the article, Crown filed suit in Florida on December
4, 2000. In addition to other claims in the suit, Crown sought a temporary injunction to preclude
the sale of the trophy. The Florida court denied the temporary injunction, and Crown brought suit
in Texas on December 7, 2000. The Texas suit was identical to the Florida suit, except instead of
seeking a temporary injunction, Crown requested the Texas court to issue an ex parte writ of
sequestration. The Texas court granted the writ ex parte, and because the Florida suit was still
pending, Goodman filed a plea in abatement in the Texas lawsuit. Before the Texas court ruled on
Goodman's plea in abatement, Goodman filed a counterclaim in the Florida lawsuit. The Texas court
granted Goodman's plea in abatement, and Crown brings this appeal.

 In its first point of error, Crown contends the trial court abused its discretion by granting
Goodman's plea in abatement. (1) It is well settled that, when a suit would be proper in more than one
Texas county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of
other courts and a plea in abatement is the proper form of relief. Curtis v. Gibbs, 511 S.W.2d 263,
267 (Tex. 1974); Cleveland v. Ward, 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926), rev'd on other
grounds, 827 S.W.2d 833 (Tex. 1992). While this is true for competing Texas cases, the mere
pendency of an action in one state will not be a ground for abating a suit in another state between the
same parties and involving the same subject matter. Space Master Int'l, Inc. v. Porta-Kamp Mfg.
Co., 794 S.W.2d 944, 946 (Tex. App.-Houston [1st Dist.] 1990, no writ). Courts of sister states are
considered foreign to each other, and a suit pending in another state may not be pleaded in abatement
of another suit involving the same subject matter brought in another state. Evans v. Evans, 186
S.W.2d 277, 278-79 (Tex. Civ. App.-San Antonio 1945, no writ). However, as a matter of comity,
it is the custom for the second court to stay its proceeding until the first suit has been determined,
or at least for a reasonable time. Space Master Int'l, Inc., 794 S.W.2d at 946; see Evans, 186 S.W.2d
at 279. Additionally, the decision to grant or deny a motion to stay is within the discretion of the
trial court, and we review that decision based on an abuse of discretion standard. Space Master Int'l,
Inc., 794 S.W.2d at 946. 

 For example, in Evans, Mr. Evans filed for divorce in Ohio, and Mrs. Evans filed her motion
for alimony in the same court. Evans, 186 S.W.2d at 278. The Ohio court held that Mrs. Evans was
entitled to $75.00 per month. Id. While the divorce action was still pending, Mr. Evans established
residency in Texas and again filed for divorce in a Texas court. Id. at 279. Mrs. Evans filed a
motion to stay the proceeding in Texas, and based on the doctrine of comity the Texas court granted
the stay. Id. The court reasoned that principles of comity applied because Mr. Evans originally
sought relief in Ohio; his wife, children, and property are located in Ohio; the two suits are identical
and involve the same parties; and the issuance of a divorce decree in Texas would have negated the
Ohio court's order for alimony. Id.; see Williams v. N. Carolina, 317 U.S. 287 (1942) (Texas decree
could be made basis for vacating alimony order of Ohio court).

 In the present case, Crown filed two suits involving the same parties and subject matter. Like
Mr. Evans, Crown initially sought relief in the first state, Florida. See Evans, 186 S.W.2d at 278. 
It was not until after the temporary injunction was denied in Florida that Crown brought the identical
suit in Texas. Crown, having chosen Florida as the forum, should have continued to proceed therein
until final judgment. See Nowell v. Nowell, 408 S.W.2d 550, 555 (Tex. Civ. App.-Dallas 1966, writ
dism'd w.o.j.). Moreover, Goodman and the trophy were located in Florida. If the Texas action
proceeded on the merits and a writ of sequestration was levied, it would effectively supplant the
Florida court's decision to deny the temporary injunction. Therefore, based on the principles of
comity, the Texas suit should be stayed until the Florida suit has reached final determination. 

 Crown contends Goodman should be estopped from asserting that Florida has dominant
jurisdiction. (2) Crown argues Goodman acted in bad faith by doing the following: (1) purchasing the
trophy  without  Crown's  consent;  (2)  removing  the  trophy  to  Florida  without  Crown's  consent;
(3) contacting a third party to purchase the trophy without Crown's consent; (3) and (4) not giving
notice of the auction until the Associated Press article was published on November 29, 2000. 
Because the auction was scheduled to take place nine days from when the article was published,
Crown contends that bringing suit in Florida was the only way to stop the sale. Estoppel is a fact issue to be decided by the trial court in which the plea in abatement was
filed. Clawson v. Millard, 934 S.W.2d 899, 901 (Tex. App.-Houston [1st Dist.] 1996, no writ). 
Crown asserts the foregoing events constitute a scheme on the part of Goodman to force Crown into
filing suit in Florida. While Crown is entitled to argue that inference, there is no evidence in the
record that Goodman was aware of Crown's interest in the trophy or that Goodman acted in bad faith.
See Tex. R. App. P. 38.1(h) (brief must contain clear and concise argument for contentions made,
with appropriate citations to authorities and to record). Further, this Court will defer to the trial
court's factual determinations provided there has not been an abuse of discretion, which has not been
shown in the present case. See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.
1996); see Clawson, 934 S.W.2d at 901. Furthermore, regardless of whether Goodman acted in bad
faith, Crown has failed to show how Goodman's actions precluded Crown from initially filing in
Texas. Crown could have brought suit in Texas, as evidenced by its second suit filed three days after
being denied temporary relief in Florida. Accordingly, Crown has failed to show the trial court
abused its discretion. 

 Crown also contends that a Florida court would be improper because it would work a great
inconvenience on the judicial system. In support of its contention, Crown relies on Understanding
the First-to-File Rule and its Anticipatory Suit Exception, 75 Fla. Bar J. 24 (July/August 2001). In
addition to the fact the Florida Bar Journal is not controlling authority, Crown's argument is not
persuasive. It is undisputed that all transactions giving rise to each suit took place in Texas. 
However, at the time each suit was filed, the defendant resided in Florida and the trophy was located
in Florida. Further, Crown has proceeded with discovery in the Florida suit, including taking
depositions and making requests for production. Crown contends that adjudicating the dispute in
Florida would be inconvenient and costly. However, adjudicating the dispute in Texas would be
equally difficult for Goodman. In any event, these are considerations that should have been taken
into account before initially bringing suit in Florida. While Crown raises concerns regarding its own
convenience, those concerns would not render the trial court's decision an abuse of discretion. 

 Based on the principles of comity, a stay is the proper form of relief when two identical suits
are filed and pending in different states. See Evans, 186 S.W.2d at 278-79. Accordingly, we modify
the trial court's judgment to institute a stay, as opposed to an abatement, and we affirm the judgment
as modified. Tex. R. App. P. 43.2(b). 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 7, 2002

Date Decided: December 19, 2002


Publish


 
1. During oral argument, Appellant's counsel brought this Court's attention to Drake v.
Brander, 8 Tex. 351 (1852). After reviewing Drake, this Court determines it is inapplicable to the
present case.
2. In support of its contention, Crown relies on Perry v. Del Rio, 66 S.W.3d 239 (Tex. 2001). 
However, Del Rio stands for the proposition that unmatured claims will be abated in deference to
suits that were brought after they had become ripe for consideration. Id. at 255-56.
3. Goodman stated in his deposition he contacted a third party to purchase the trophy, but the
purchase price had not been paid in full.