NO.
12-05-00230-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:  STATE
FARM        §                      

 

MUTUAL AUTOMOBILE   §                      ORIGINAL PROCEEDING

 

INSURANCE COMPANY   §                      

                                                                                                                                                           


 

OPINION

            State Farm
Mutual Automobile Insurance Company seeks a writ of mandamus requiring the trial
court to stay the underlying proceeding until the judgment entered in cause
number 57,154, filed in the 11th Judicial District Court of Sabine Parish,
Louisiana, becomes final.[1] 
We conditionally grant the requested relief.

 

Background








            On May 17,
2004, Anna Louise Morrison and Patricia Marie George, real parties in interest
(collectively “real parties”), sued Davlynn Remedies, Allstate Insurance
Company, and State Farm in Sabine Parish, Louisiana, alleging that they
suffered injuries in a motor vehicle collision that was proximately caused by
Ms. Remedies’ negligence (the “prior action”). 
Ms. Morrison and Ms. Remedies were the drivers of the vehicles.  Ms. George was a passenger in Ms. Morrison’s
vehicle.  Allstate was Ms. Remedies’
insurer, and State Farm was Ms. Morrison’s insurer.  The real parties asserted an underinsured
motorist claim against State Farm pursuant to the terms of Ms. Morrison’s
policy.

            The real
parties settled their claim against Allstate, but not their claim against State
Farm. After the settlement, only State Farm remained as a defendant in the
prior action.  On November 12, 2004, the
real parties sued State Farm in Sabine County, Texas (the “later action”).  State Farm responded by filing a notice of
removal to federal district court and a motion to dismiss for want of
jurisdiction based upon the pendency of the prior action.  The real parties then filed a motion to
dismiss the prior action without prejudice.[2]  State Farm objected to the dismissal.  The federal court ultimately remanded  the later action, and State Farm filed an
answer.  State Farm also filed a motion
to stay the later action until the prior action was resolved, either by
dismissal or by final judgment.              Before the trial court in the later
action ruled on State Farm’s request for a stay, the Louisiana trial court
conducted a hearing on the real parties’ motion to dismiss the prior
action.  At the hearing, State Farm
argued that it would be unduly prejudiced by the dismissal of the lawsuit
because it (1) had incurred legal expenses during the time the litigation had
been pending, (2) received and responded to written discovery, and (3)
conducted six depositions of parties and witnesses, all of whom, with the sole
exception of the real parties, are residents and citizens of Louisiana.[3]  The Louisiana trial court denied the real
parties’ motion to dismiss the prior action, and the respondent trial court
denied State Farm’s plea in abatement. 
State Farm subsequently filed a petition for writ of mandamus in this
Court, but did not seek emergency relief. 
The prior action proceeded to trial on November 14, 2005, and a take
nothing judgment in favor of State Farm was signed on November 29,
2005.  The real parties filed a “suspensive
appeal” on December 16, 2005.  

            Based upon
the signing of a judgment in the prior action, State Farm filed a motion in the
later action requesting reconsideration of the order denying State Farm’s
request for a stay.  The trial court
denied the motion. State Farm amended its mandamus petition to urge that the
trial court abused its discretion in denying the motion to reconsider.  State Farm sought emergency relief after the
later action was set for trial.  We
stayed proceedings in the trial court pending our disposition of State Farm’s
petition.

 

Availability
of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion by the trial court where
there is no adequate remedy by appeal.  Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  A trial court clearly abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law.  Id.
at 839.  A trial court has no discretion
in determining what the law is or applying the law to the facts.  Id.  A clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion.  Id.  A failure to properly apply the principle of
comity when requested to stay the later of two actions pending in different
states constitutes an abuse of discretion. 
See, e.g., Evans v. Evans, 186 S.W.2d 277, 279 (Tex. App.–San
Antonio 1945, no writ).

            In addressing
whether there is an adequate remedy by appeal, the Texas Supreme Court has
recently explained that the word “adequate” has no comprehensive definition; it
is simply a reference to the careful balance of jurisprudential considerations
that determine when appellate courts will use original mandamus proceedings to
review the actions of lower courts.  In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig.
proceeding).  These considerations
implicate both public and private interests. 
Id.  Mandamus review
of incidental, interlocutory rulings by the trial courts unduly interferes with
trial court proceedings, distracts appellate court attention to issues that are
unimportant both to the ultimate disposition of the case at hand and to the
uniform development of the law, and adds unproductively to the expense and
delay of civil litigation.  Id.  However, mandamus review of significant
rulings in exceptional cases may be essential to preserve important substantive
and procedural rights from impairment or loss, allow the appellate courts to
give needed and helpful direction to the law that would otherwise prove elusive
in appeals from final judgments, and spare private parties and the public the
time and money utterly wasted enduring eventual reversal of improperly
conducted proceedings.  Id.  An appellate remedy is “adequate” when any
benefits to mandamus review are outweighed by the detriments.  Id. 
Conversely, when the benefits outweigh the detriments, appellate
courts must consider whether the appellate remedy is adequate.  Id.

Abuse of
Discretion

            State Farm
contends that by denying the stay of the later action, the trial court violated
the principle of comity, which constituted a clear abuse of its discretion.[4]

Applicable Law

            It is well settled
that the mere pendency of a prior suit in one state cannot be pleaded in
abatement or in bar to a subsequent suit in another, even though both suits are
between the same parties and involve the same subject matter.  Evans, 186 S.W.2d at 279.  The reason for the rule is that every state
is entirely sovereign and unrestricted in its powers, whether legislative,
judicial, or executive, and it therefore does not acknowledge the right of any
other state to hinder its own sovereign acts or proceedings.  Mills v. Howard, 228 S.W.2d
906, 907 (Tex. App.–Amarillo 1950, no writ). 
As a matter of comity, however, it is the custom for the court in which
the later action is instituted to stay proceedings therein until the prior
action is determined, or at least for a reasonable time.[5]  Id. at 908.  This custom has practically grown into a
general rule that strongly urges the duty to do so upon the court in which the
later action is instituted.  Id.;
see also VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex.
1993)(where identical suits are pending in different states, principle of
comity generally requires stay of later action).  Stated another way, it is generally
appropriate for courts to apply the principle of comity where another court has
exercised jurisdiction over the matter and where the states agree about the
public policy at issue.  Bryant v.
United Shortline Inc. Assurance Services., N.A., 972 S.W.2d 26, 31
(Tex. 1998).  

            Once stayed,
the later action remains pending until the judgment in the prior action becomes
final.  See id.  When, as here, the plaintiffs are the same in
both actions, a final judgment favorable to the plaintiffs in the prior action
eliminates the need to proceed with the later action.  See id.  On the other hand, a final judgment favorable
to the defendant may be pleaded in bar of the later action.  See id.  Thus, the prudent course is to request a stay
of the later action and allow the court in which the prior action is pending to
reach a final determination of the issues.[6]  See Alford v. Thornburg, 113
S.W.3d 575, 580 (Tex. App.–Texarkana 2003, no pet.).

            A resolution
of the abuse of discretion question necessarily demands a close inspection of
the two pending actions.  Nowell v.
Nowell, 408 S.W.2d 550, 553 (Tex. Civ. App.–Dallas 1966, writ dism’d
w.o.j.).  To obtain a stay of the later
action, it is, as a general rule, necessary that the two suits involve the same
cause of action, concern the same subject matter, involve the same issues, and
seek the same relief.  Id.  One test to determine whether the causes of
action are identical is to ascertain whether the parties could obtain all the
relief in the prior suit that they would be entitled to in the subsequent
action.  Id.  

            Additional
factors include, but are not limited to, (1) which action was filed first; (2)
whether the parties are the same in both actions; and (3) the effect of a
judgment in the later action on any order or judgment entered in the prior
action.  See, e.g., Crown Leasing
Corp. v. Sims, 92 S.W.3d 924, 927 (Tex. App.–Texarkana 2002, no pet.)
(trial court considered which suit filed first and effect order in later action
would have on order entered in prior action); Project Eng’g USA Corp. v.
Gator Hawk, Inc., 833 S.W.2d 716, 725 (Tex. App.–Houston [1st Dist.]
1992, no writ) (trial court considered which suit filed first, whether there
was complete identity of parties and issues in both suits, and time between
filing plea in abatement and scheduled trial); Evans, 186 S.W.2d
at 279 (trial court considered whether two suits involved same action and same
parties and what effect order in later action would have on order entered in
prior action).  

Application of Law to Facts 

            We first
note that both actions arise out of a motor vehicle collision that occurred in
Sabine Parish, Louisiana and involved the real parties and Ms. Remedies.  Ms. Remedies is a Louisiana resident, and the
accident was investigated by Louisiana police officers.  With the exception of the real parties, all
persons with knowledge of the events and circumstances pertaining to the motor
vehicle collision are Louisiana residents. 
The real parties point out that they are Texas residents, that their
medical treatment after the date of the collision has been rendered by Texas physicians
in Texas, and that State Farm is doing business in Sabine County and sold the
insurance policy at issue to Ms. Morrison in Sabine County.  Nonetheless, the action as originally filed
was primarily a Louisiana matter, and the real parties’ choice of Louisiana as
a forum was proper.  State Farm is now
the sole defendant in the prior action and is also the sole defendant named in
the later action.  In both actions, the
real parties assert an underinsured motorist claim against State Farm.  Consequently, the issues are the same in both
actions, and the real parties can obtain all the relief in the prior action
that they seek in the later action.  The
real parties do not contend that public policy differences exist between Texas
and Louisiana on the issues involved.

             The later action was not filed until after the
real parties settled their claim against Allstate in the prior action.  At the time the later action was filed, State
Farm had incurred legal expenses in the prior action, received and responded to
written discovery, and conducted six depositions of parties and witnesses.  State Farm called the Louisiana trial court’s
attention to these facts in opposition to the real parties’ motion to dismiss
the prior action without prejudice. 
After a hearing, the trial court signed an order denying the real
parties’ motion to dismiss without prejudice. 
If the later action proceeds on the merits, this would effectively
supplant the Louisiana court’s denial of the real parties’ motion to dismiss
without prejudice. 

            State Farm’s
request for stay was filed promptly and did not cause any delay in the later
action.  The trial court in the later
action did not rule on State Farm’s request for a stay until after the real
parties’ motion to dismiss was denied. 
Nothing in the record indicates that the trial court in the later action
had previously exercised jurisdiction over the matter.  The prior action proceeded to trial, and
State Farm incurred additional legal expenses for trial of the matter.  A judgment was signed in favor of State Farm
on November 29, 2005.  Thus, the
Louisiana trial court was not only the first court to exercise jurisdiction in the
matter, but the first to proceed to trial and judgment.  The real parties appealed, invoking the
jurisdiction of a second Louisiana court. 
The appeal has been pending approximately five months.  The real parties do not suggest that they
expect any extraordinary delay in the resolution of the appeal.  

            The real
parties argue that the trial court properly exercised its discretion because
(1) as Texas citizens, the real parties should have the right to choose the
forum in which their claims against State Farm will be litigated; (2) the
convenience of the parties and witnesses will be served by a trial in Sabine
County; (3) State Farm is doing business in Sabine County; and (4) State Farm
sold the insurance policy at issue to Ms. Morrison in Sabine County.  We acknowledge the general rule that as long
as the forum is a proper one, it is the plaintiff’s privilege to choose the
forum.  Wyatt v. Shaw Plumbing Co.,
760 S.W.2d 245, 248 (Tex. 1988). 
However, a strict application of this rule would preclude application of
the principle of comity in situations such as the one presented here.  We also recognize that the considerations
identified by the real parties are appropriate when initially determining where
to file suit.  However, as shown by the
cases cited above, the factors for determining whether the later of two actions
filed in different states should be stayed based upon comity are
different.  Moreover, the prior action
has proceeded to judgment; therefore, the relative convenience of the two
forums is not pertinent.

            In summary,
the Louisiana action was filed first. 
Both actions involve the same parties, the same subject matter, the same
issues, the same cause of action, and the same ultimate relief.  The Louisiana trial court determined that the
real parties were not entitled to dismiss the prior action with prejudice, and
a judgment in the later action would render that ruling ineffective.    State Farm did not delay the later action
by filing a request for stay.  The prior
action has proceeded to trial and judgment. 
The real parties appealed the judgment and do not suggest that any delay
in the resolution of the appeal is anticipated. 
All persons with knowledge of the events and circumstances pertaining to
the motor vehicle collision are Louisiana residents.  These factors require a stay of the later
action. Therefore, the trial court’s failure to grant the requested stay
constitutes an abuse of discretion.

 

Adequacy of
Appellate Remedy

            State Farm
contends that appeal is an inadequate remedy to challenge the trial court’s
order.  The real parties do not dispute
this contention.  

            Appeals may
be taken from final judgments, City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993), and from such interlocutory orders as the
legislature has deemed appealable.  See,
e.g., Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 2005). 
The order challenged here is neither a final judgment nor an appealable
interlocutory order.  Consequently, the
trial court’s order is not immediately appealable.  However, the trial court’s error can only be
rectified by immediate review.  See In
re Prudential, 148 S.W.3d at 138. 
If the later action proceeds to trial and State Farm prevails, it will
not appeal, and its right to a stay is lost forever.  If the real parties prevail, State Farm
cannot obtain a reversal for the incorrect denial of a stay “unless the court
of appeals concludes that the error complained of . . . probably caused the
rendition of an improper judgment.”  Id.;
see also Tex. R. App. P. 44.1(a)(1).  Even if State Farm could somehow obtain
reversal based on the denial of its motion, its right to a stay could not be
recovered.  See In re Prudential,
148 S.W.3d at 138.  Further, if immediate
review of trial court’s order is not available, the principle of comity as it
applies in situations similar to the one before us would be rendered
meaningless.  Therefore, we hold that
State Farm has no adequate remedy by appeal.

 

Conclusion

            Having held
that the trial court abused its discretion and that appeal is an inadequate
remedy, we conditionally grant the writ of mandamus.  We are confident, however, that the trial
court will vacate its order denying State Farm’s motion to reconsider the order
denying State Farm’s request to stay trial court cause number 11,735 and enter
an order granting reconsideration and staying further proceedings until final
judgment in the prior action.  The writ
will issue only if the trial court fails to do so within ten days of
the date of this opinion and corresponding order.  Immediately upon compliance with our order,
the trial court shall furnish the Clerk of this Court a certified copy of its
order evidencing such compliance.  Our
stay of the trial court proceedings is lifted.

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

Opinion delivered May 26,
2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

(PUBLISH)











[1] The underlying proceeding is trial
court cause number 11,735, styled “Anna Louise Morrison and Patricia Marie
George vs. State Farm Mutual Automobile Insurance Company,” in the 1st Judicial
District Court of Sabine County, Texas. 
The respondent is the Honorable Joe Bob Golden, Judge of the 1st
Judicial District Court.





[2] If the plaintiff in a Louisiana
action files a motion to dismiss after the defendant has appeared, the trial
court may refuse to grant the motion except with prejudice.  La.
Code Civ. Proc. Ann. art. 1671.





[3] State Farm did not furnish a record
of this hearing, but described the hearing in its mandamus petition.  The real parties do not dispute State Farm’s
factual statement.  Therefore, we accept State
Farm’s statements as true.  See Burgemeister
v. Anderson, 113 Tex. 495, 259 S.W. 1078, 1078 (1924); Hays v.
Kessler, 564 S.W.2d 496, 497 (Tex. Civ. App.–Dallas 1978, orig.
proceeding).





[4] The document filed by State Farm
was entitled “Plea in Abatement.”  A stay
is the proper form of relief when two identical suits are filed in different
states and the principle of comity is invoked. 
Evans, 186 S.W.2d at 278-79. Therefore, in this opinion we
refer to the plea in abatement as a request or a motion to stay the later
action.  See Crown Leasing Corp. v.
Sims, 92 S.W.3d 924, 928 (Tex. App.–Texarkana 2002, no pet.).





[5] Comity has been frequently defined
as the recognition that one sovereignty allows within its territory to the
legislative, executive, or judicial act of another sovereignty, having due
regard to the rights of its own citizens. 
Nowell v. Nowell, 408 S.W.2d 550, 553 (Tex. Civ. App.–Dallas
1966, writ dism’d w.o.j.). 





[6] The real parties state that the
Louisiana judgment will not become final for purposes of res judicata until the
appeal is concluded.  State Farm does not
controvert this statement.