NUMBER 13-08-00662-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE UNAUTHORIZED PRACTICE OF LAW COMMITTEE






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Vela


Memorandum Opinion Per Curiam (1)



 Relator, the Unauthorized Practice of Law Committee, filed a petition for writ of
mandamus and motion for stay in the above cause on November 19, 2008. On November
20, 2008, the Court denied the motion for stay and requested that the real party in interest
file a response to the petition for writ of mandamus. Such response has been duly filed.

 Relator seeks a writ of mandamus to compel Respondent, the Honorable Nanette
Hassette, to set aside an order signed on October 9, 2008, staying the underlying
proceeding for a period of sixty days. Relator contends that the trial court abused its
discretion in staying the underlying proceeding, including discovery, based on pending
criminal proceedings against one of the defendants therein. 

 As a general rule, the pendency of a criminal investigation, indictment, or other
proceeding does not affect a contemporaneous civil proceeding based on the same facts
or parties, and does not justify abating or staying all discovery in a civil case until resolution
of the criminal matter. See Gebhardt v. Gallardo, 891 S.W.2d 327, 330 (Tex. App.-San
Antonio 1995, orig. proceeding). Rather, in such a case, the proper remedy is an
individually tailored protective order. See, e.g., In re Gore, 251 S.W.3d 696, 700 (Tex.
App.-San Antonio 2007, orig. proceeding). 

 Nevertheless, the Court, having examined and fully considered the petition for writ
of mandamus and the response thereto, is of the opinion that relator has not shown itself
entitled to the relief sought given the trial court's "wide discretion" in managing its docket,
see Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982), (2)
 the short duration of the stay
imposed herein, see generally Tex. Civ. P. 192.4, 192.6, and the fact that two-thirds of the
sixty-day period of stay had already elapsed before relator instituted this original
proceeding. Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App.
P. 52.8(a). 


 PER CURIAM



Memorandum Opinion delivered and

filed this the 4th day of December, 2008.

 

 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. In the instant case, the trial court granted a "stay" rather than an "abatement." Courts and litigants
often use these terms interchangeably. While abatement, in a proper case, is a matter of right, a motion to
stay is directed to the discretion of the court and the granting or denying of such a motion will only be reviewed
for an abuse of discretion. See Williamson v. Tucker, 615 S.W.2d 881, 886 (Tex. Civ. App.-Dallas 1981, writ
ref'd n.r.e.); Evans v. Evans, 186 S.W.2d 277 v. Evans, 186 S.W.2d 277 (Tex. Civ. App.-San Antonio 1945,
no writ). The distinction is not otherwise significant to the analysis herein.